Nicoll *et ux.* v. Midland Savings & Loan Co. of Denver, Colo.

No. 2094, Okla. T.    Opinion Filed June 25, 1908.

(96 Pac. 744.)

1.  CORPORATIONS — Foreign  Corporation — Process—Service  by
    Publication—Affidavit—Sufficiency.  Where the affidavit for ser-
    vice on a foreign corporation by publication (section  4276
    Wilson's Rev. & Ann. St. 1903) does not allege that such cor-
    poration had failed to comply with the requirements to do
    business in the territory of Oklahoma, including the designa-
    tion of an agent upon whom service may be had, a judgment
    rendered thereon without further notice upon or any appear-
    ance by such corporation is void.

2.  SAME.  Where publication service is relied on solely, and it
    is alleged in the affidavit therefor that, with the exercise of due
    diligence, the plaintiff is unable to procure service of sum-
    mons on the defendant within the territory (state), the facts
    necessary to show that due diligence was used to obtain per-
    sonal service should be stated, and, where judgment is rend-
    ered against a foreign corporation without such requirements
    being complied with, it is void.

3.  JUDGMENT—Vacation of Void Judgment.  A void judgment
    may may be vacated and set aside at any time on motion of
    the defendant.

(Syllabus by the Court.)

*Error from District Court, Noble County; B. T. Hainer, Judge.*

Action to quiet title by C. K. Nicoll and wife against the
Midland Savings & Loan Company of Denver, Colo.  Judgment
for plaintiffs, and, the same having been thereafter set aside on
defendant's motion, plaintiffs bring error.  Affirmed.

On the 28th day of February, 1903, the plaintiffs in error,
as plaintiffs, instituted an action in the district court of Noble
county, territory of Oklahoma, to quiet title to certain real es-
tate in the city of Perry.  Affidavit for service by publication was
made by C. K. Nicoll, one of said plaintiffs, and filed with the

clerk of said court on said date; the body of which said affidavit being in words and figures as follows:

"C. K. Nicoll on his oath says that he is one of the plaintiffs in the above-entitled action, and that the defendant is a foreign corporation, and is a nonresident of the territory of Oklahoma, and has not complied with the law by designating a person on whom to serve process in Noble county, Okla. T., and has no office or place of business in said county, and that these plaintiffs with the exercise of due diligence are unable to procure service of summons on the said defendant within the territory of Oklahoma. Affiant further states that these plaintiffs have filed with the clerk of the district court of said county and territory their .petition asking for the cancellation of one certain principal bond and deed of trust mortgage given to secure the same, dated September 1, 1899, and for $500 with interest and premium thereon in favor of the defendant, on the following described real estate in Noble county and Oklahoma Territory, to wit: Lots 16 and 17 in block 65 in the townsite of North and West Perry. And further asking that the title in and to said property be quieted in plaintiffs."

And thereafter, on same date, notice for publication in due form was issued by the clerk of said court and publication made in the Weekly Enterprise-Times, a weekly newspaper in . said county, the first publication beginning with March 5, 1903, and continued therein for four consecutive weeks; proof of such publication having been made and filed with the clerk of said court June 23, 1903.

Plaintiffs in their petition in said cause alleged that the defendant was a foreign corporation organized under and by virtue of the laws of the state of Colorado; and, further, that they were the owners in fee simple and in the actual possession of certain lots located in North and West Perry, Noble county. Okla. T., and that the defendants claimed a mortgage lien thereon in the sum of about $500, when plaintiffs alleged that there was only due $38.35, whereupon they tendered the sum in court, and asked that said. mortgage be cancelled and held for naught, attaching a copy of said mortgage or trust deed to their petition as an exhibit.

Afterwards, on the 1st day of July, 1903, said cause coming cn to be heard in the district court, the plaintiffs appearing by their attorneys and the defendant making no appearance, the court adjudged said defendant to be in default, and decreed that the allegations of the petition therein should be taken as true against the said defendant, and thereupon plaintiff further introduced evidence to support such allegations, and "the court, after hearing said evidence and considering the same, together with the argument of counsel herein, finds that the defendant has been duly and regularly served by publication and summons issued in said cause, and, after the inspection of said service and the affidavit on which same was issued, the court finds the same to be correct in all respects and in conformity with law," and decreed the plaintiffs to be entitled to the relief prayed for.

Thereafter, on the 31st day of January, 1906, the defendant appeared specially, and filed in said court its motion to vacate and set aside said judgment on the ground that the same was void, which was granted.

*Doyle & Cress,* for plaintiffs in error.
*H. B. Martin,* for defendant in error.

WILLIAMS, C. J. (after stating the facts as above). The only question necessary to determine in this case is whether or not the judgment rendered by the district court against the defendant is void for, if void, the motion to set aside the same at the instance of said defendant was properly sustained. *Phoenix Bridge Co. v. Street,* 9 Okla. 422, 60 Pac. 221; *Foreman v. Carter,* 9 Kan. 674; *First Nat. Bank v. Grimes Dry Goods Co.,* 45 Kan. 510, 26 Pac. 56; *Foster v. Cimarron Val. Bank,* 14 Okla. 24, 76 Pac. 145; *Clark v. Little,* 41 Iowa, 497; *Thomas v. American Freehold Land & Mortgage Co.,* (C. C.) 47 Fed. 550, 12 L. R. A. 681.

Section 48, c. 66, Wilson's Rev. & Ann. St., provides that actions for the recovery of real property or of any estate or interest therein or the determination in any form of any such right

or interest must be brought in the county in which said property is situated, except as provided in section 49. Said section 49 provides that in case the real property, the subject of the action, be an entire tract, and situated in two or more counties, or if it consists of separate tracts, situated in two or more counties, the action may be brought in any county in which any tract or part thereof is situated, unless it be an action to recover possession thereof; and, if the property be an entire tract, situated in two or more counties, an action to recover the possession thereof may be brought in either of such counties; but, if it consists of separate tracts in different counties, the possession of such tracts must be recovered by separate actions, brought in the counties where they are situated, and further provides that an action to compel the specific performance of a contract of sale of real estate may be brought in the county where the defendants, or any of them reside. See *Burke v. Malaby et al.,* 14 Okla. 650, 78 Pac. 105. The action instituted by plaintiffs against the defendant to quiet title to the lots in question would have necessitated the determination as to whether or not the defendant, a foreign corporation, had any interest therein, equitable or otherwise, and the same was properly instituted in the county in which said property was located. *Nelson v. Deming Investment Co.* (decided at this term) post p. 610, 96 Pac. 742. The defendant being a foreign corporation, and the plaintiffs setting such fact up in the affidavit for publication, the same being made by virtue of section 78, c. 66, Wilson's Rev. & Ann. St., which provides that in actions brought under sections 48 and 49, *supra,* where any or all of the defendants reside out of the territory (state), or where the plaintiff with due diligence is unable to make service of summons upon such defendant or defendants within the territory (state), in actions brought against a nonresident of the territory (state) or a foreign corporation having in this territory (state) property or debts owing them sought to be taken by any of the provisional remedies, or to be appropriated in any way, and in actions which relate to, or the subject of which is, real or personal property in

this territory (state) where any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is a nonresident of the territory (state) or a foreign corporation, that service may be had by publication. However, service by publication was not proper where personal service could be had within that jurisdiction.

Section 1227, Wilson's Rev. & Ann. St. 1903, provides that a foreign corporation transacting business within this territory (state) shall appoint an agent who shall reside at some accessible point in this territory (state) in the county where the principal business of said corporation shall be carried on, or at some place in said territory (state), if such corporation has no principal place of business herein, duly authorized to accept service of process and upon whom service of process may be made in any action in which said corporation may be a party, and that any such action may be brought in the county where such agent resides or in any county in which the business, or any part of it, out of which said action arose, was transacted; and service upon such agent shall be taken and held as due service upon such corporation. The affidavit for publication made on the part of the plaintiffs recites as follows:

"That defendant is a foreign corporation and is a nonresident of the territory of Oklahoma, and has not complied with the law by designating a person on whom to serve process in Noble county, Oklahoma, and has no place of business in said county, and these plaintiffs with the exercise of due diligence are unable to procure service of summons on the defendant within the territory of Oklahoma."

It nowhere specifically alleges that personal service could not be had in the territory on said defendant, or that the defendant had not appointed an agent who resided at some accessible point in the territory (state) in the county where the principal place of business of said defendant was carried on, or at any other place in said territory (state), if said defendant had no

principal place of business therein, duly authorized to accept service of process and upon whom service of process might have been made in any such action in which the said corporation was a party, nor are any facts set out there intending to show the exercise of due diligence upon the part of the plaintiffs.

In the case of *Romig v. Gillett,* 187 U. S. 111, 23 Sup. Ct. 40, 47 L. Ed. 97, Mr. Justice Brewer, speaking for the court, said:

"On the other. hand, it is contended by • the appellants that a separate ground for service by publication is 'where the plaintiff with due diligence is unable to make service of summons * * * within the territory (state)'; that the affidavit for publication stated positively such inability; that, therefore, it was strictly within the statute, and authorized the publication of notice; that the publication was duly made, the defendants were thereby brought into court, and the judgment and all subsequent proceedings were regular and valid. It may well be doubted whether this contention of appellants can be sustained, at least in cases like this of direct and not collateral attack, even if the inability to obtain personal service by the exercise of due diligence is a distinctive ground for service by publication. It would seem that the facts tending to show such diligence should be disclosed, and that an affidavit merely alleging inability was one of a conclusion of law, and not of facts. *McDonald v. Cooper,* (C. C.) 32 Fed. 745; *Carleton v. Carleton,* 85 N. Y. 313; *McCracken v. Flanagan,* 127 N. Y. 493, 28 N. E. 385, 24 Am. St. Rep. 481; *Ricketson v. Richardson,* 26 Cal. 149; *Braly v. Seaman,* 30 Cal. 610; *Kahn v. Matthai,* 115 Cal. 689, 47 Pac. 698; *Little v. Chambers,* 27 Iowa, 522; *Thompson v. Shiawassee Circuit Judge,* 54 Mich. 236, 19 N. W. 967; *Alderson v. Marshall,* 7 Mont. 288, 16 Pac. 576. Nor is this inability shown by the mere fact that a summons issued to the sheriff of the county in which the land is situated is returned not served, for in cases of this .kind by section 3934 a summons can be issued to and served in any county of the territory."

In the case of *Bes Line Const. Co. v. Schmidt,* 16 Okla. 429, 85 Pac. 711,. it was held that where a foreign corporation other than a railroad or stage company has complied with the provisions of article 23, c. 18, Wilson's Rev. & Ann. St. 1903, and

appointed an agent in this territory for service of process, with his office and principal place of business at an accessible point in the territory, service of process must be made upon such agent, and could not be made upon any other employe of such corporation in said territory. In the opinion the court said:

"We are of the opinion that this statute was not intended to be cumulative, but that it is the only provision for service of process upon foreign corporations, other than that upon railroads, stage lines, etc., mentioned in the general provisions of the statute for service of process."

In the case of *Cordray v. Cordray,* 19 Okla. 36, 91 Pac. 781, it is held that:

"Where publication is relied on and jurisdiction is sought to be obtained of the defendant in an action by publication service alone, the affidavit for publication, as well as the publication notice, are matters jurisdictional, and, in order to obtain jurisdiction of the defendant in such case, both the affidavit for the publication and the publication notice must comply with the provisions of the statute."

In that case the court says:

"So that, applying this rule, there can be no presumption in favor of the plaintiff below that the court acquired jurisdiction in any other way than as shown by the record in this case, and the burden was upon the plaintiff below to establish by the record a compliance with the statute for service by publication. This includes an affidavit showing that the action was one for divorce, that the defendant was a nonresident of the territory, the facts necessary to show that due diligence was used to obtain personal service, and that the defendant, although a nonresident, was not within the limits of the territory."

Under the affidavit in this case, the plaintiff nowhere states the facts necessary to show that due diligence was used to obtain service upon the defendant, and that defendant, although a foreign corporation, had not complied with the laws in force relative to such foreign corporation in the territory in appointing and designating an agent therein. We conclude that said judgment was void and that the court committed no error in enter-

taining the motion to vacate and set aside same and in sustaining the same.

The judgment of the lower court is affirmed.

All the Justices concur,