## FENTON v. BURLESON.

### No. 1854.    Opinion Filed June 25, 1912.

#### (124 Pac. 1087.)

1. PROCESS—Service by Publication—Sufficiency of Affidavit. An affidavit filed for the purpose of obtaining service by publication in which it is stated the defendant is a nonresident of the state of Oklahoma, and is a resident of the state of Indiana, without showing that service could not have been had upon the defendant within the state of Oklahoma, is insufficient to support service by publication.

2. PLEADING—Motions—Judgment on Pleadings. Where the material averments of plaintiff's petition are denied by the answer of the defendant and facts pleaded showing the same to be untrue, it is error to render judgment for plaintiff on the pleadings.

(Syllabus by the Court.)

*Error from District Court, Tillman County;*
*J. T. Johnson, Judge.*

Action by John T. Burleson against C. O. Fenton. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

*Wilson & Roe,* for plaintiff in error.

*McGuire & Mosier,* for defendant in error.

DUNN, J.   This case presents error from the district court of Tillman county.   Plaintiff brought his action to secure the cancellation of a certain note and mortgage given by himself and wife to the Winne Mortgage Company, which had thereafter been transferred to and held by C. O. Fenton, trustee.   The said note was in the sum of $1,440, of which sum plaintiff admitted having received $220.40, but denied having received the balance.   An effort was made to secure service on the defendants by publication, and two affidavits for this purpose were filed.   The defendant C. O. Fenton, trustee, alone appeared, and filed motion to quash, set aside, and hold for naught the summons and purported service

had on the first affidavit for the reason that the same was not is-
sued, served, and returned according to law, and was insufficient
to confer jurisdiction on the court. This motion was by the court
sustained, and plaintiff was given leave to amend, which was done.
In the amended affidavit the only averment as to plaintiff in error
is "that the defendant C. O. Fenton, trustee, is a nonresident
of the state of Oklahoma, and is a resident of the state of In-
diana," which is followed by a general averment setting forth the
character of the action, and that the note and mortgage referred
to had been duly assigned for value to the said C. O. Fenton,
trustee. To this amended affidavit a motion to quash was like-
wise directed, but the same was denied by the court, to which an
exception was saved, and this is one of the assignments of error
in this court. That this affidavit was insufficient under the author-
ities there can be no doubt. Sections 5612 and 5613, Comp. Laws
1909, relating to service on nonresident defendants, provide that,
before substituted service can be made, "an affidavit must be filed
stating that the plaintiff, with due diligence, is unable to make
service of the summons upon the defendant or defendants to be
served by publication."

In the case of *Ballew v. Young*, 24 Okla. 182, 103 Pac. 623,
23 L. R. A. (N. S.) 1084, it is held:

"Where it is stated, in an affidavit to obtain service by pub-
lication, that a defendant is a nonresident of the state, and service
cannot be had upon him within the state, and such affidavit is
otherwise sufficient, it is not void or voidable because facts are not
stated therein showing that plaintiff by the use of due diligence
was unable to make service of summons upon the defendant."

The statement contained in the affidavit that "service cannot
be had upon him within the state" is just the essential qualifica-
tion lacking in the affidavit before us. This affidavit states that
the said defendant is a nonresident of the state of Oklahoma,
and is a resident of the state of Indiana, but it does not state, nor
is there any fact averred from which it can be inferred, that per-
sonal service upon him could not have been made within the state.
The defendant might have been a nonresident of the state of Ok-
lahoma, and a resident of any other state, and yet he may have

been personally present in the county all of the time during which plaintiff was seeking to get service, and may have been known to have been so present not only to the plaintiff, but to the sheriff, and all the parties interested. This condition must be negatived to give jurisdiction. Speaking to this proposition, the Supreme Court of the Territory of Oklahoma in the case of *Cordray v. Cordray*, 19 Okla. 36, 91 Pac. 781, said:

"This statute was adopted in this territory from the state of Kansas, and has been passed upon repeatedly by that state. Among the early cases is the case of *Shields v. Miller*, 9 Kan. 390, which was a foreclosure case. The affidavit in that case was somewhat of the same form and substance as the one at bar, and the court in passing upon the case makes the statement that from anything that appeared in the affidavit the defendant may have been in the county where the action was brought or even upon the land in controversy, when the affidavit was filed, and therefore might easily have been served with summons personally. The Supreme Court further says that: 'The affidavit is the foundation upon which jurisdiction is obtained. The plaintiff has no power or authority to obtain service by publication until after he has filed the proper affidavit. Without the affidavit, the attempted service by publication is a nullity, and without valid service every subsequent proceeding, including the judgment, the execution, order of sale, and deed, must necessarily be void.' "

Under these circumstances, service by publication is not permissible, for it is only where personal service cannot be had that service by publication is authorized. Whether the original affidavit was sufficient to be the subject of amendment we do not say, but the attention of plaintiff is respectfully called to the following authorities: *Pierce et al. v. Butters et al.*, 21 Kan. 124; *Harris v. Claflin*, 36 Kan. 543, 13 Pac. 830; *Long et al. v. Fife*, 45 Kan. 271, 25 Pac. 594, 23 Am. St. Rep. 724; *Garrett v. Struble*, 57 Kan. 508, 46 Pac. 943; *Lieberman v. Douglass et al.*, 62 Kan. 784, 64 Pac. 590.

Plaintiff's petition averred that he was in peaceable possession of the premises, the title and right in and to which he desired to have quieted; for the reason that of the $1,440 for which he had given his note and mortgage he had received but $220.40, which he offered to return. To this petition, under order of the

court, defendant filed answer in which he denied every allegation in the petition contained, except the execution of the note and mortgage, the assignment of the same, and the payment of $220.40 to the plaintiff, and averred that "prior to the commencement of this action the plaintiff was paid the full amount of said note and mortgage, to wit, the sum of $1,440."

Plaintiff, defendant in error in this court, has filed no brief to indicate upon what theory the trial court proceeded in rendering judgment in his favor, and in view of the record as it presents itself to us, and the assignments of error contained in the brief of counsel for defendant, plaintiff in error here, the judgment of the trial court was erroneous, and should be reversed, which is accordingly done, and the case remanded with instructions to set the same aside.

HAYES and KANE, JJ., concur; TURNER, C. J., and WILLIAMS, J., absent, and not participating.