## RICHARDSON *et al.* v. HOWARD.

No. 4486.   Opinion Filed September 14, 1915.

(151 Pac. 887.)

1.   **PROCESS—Service by Publication—When Authorized—Affidavit.**
In an action to foreclose a mortgage on real estate, section 3950, St. 1893 (section 5612, Comp. Laws 1909), construed with section 3951, St. 1893 (section 5613, Comp. Laws 1909), provides that service of summons by publication may be made either when the defendant resides out of the state and there is no reason for plaintiff to think he may be served within the same, or when, the element of nonresidence being absent, he has no place of residence, with member of the family over 15 years of age thereat, within the state, and is actually absent from and cannot be served within the state, or a proper active effort amounting to due diligence has failed to enable the plaintiff to make service within the state.

(a)   If the defendant is a nonresident, and the plaintiff has neither knowledge nor reason to think he may be served within the state, it is not necessary that the affidavit for publication should show any active diligence or effort to serve him within the state.

(b)   If the element of nonresidence of the defendant be absent, the affidavit for publication must either specifically show, as due diligence, proper active effort to find and serve him within the state or specific facts showing that such effort would necessarily be futile.

(c)   In all cases it must be shown, and be true in fact, that the plaintiff, with due diligence, is unable to make service of summons upon the defendant within the state.

2.   **SAME—Affidavit—Sufficiency.** An affidavit "that the defendants, J. W. Richardson and Blanche Richardson, are, each of them, nonresidents of the State of Oklahoma, and that the service of summons cannot be made on the said defendants, the said J. W. Richardson and Blanche Richardson, or either of them, with due diligence within the State of Oklahoma," and that the action is to foreclose a real estate mortgage, is sufficient, upon its face, to entitle a plaintiff to make service of summons upon the defendants by publication under the statutes in this regard.

(a)   Such affidavit sufficiently states only a single ground for such service.

(b)  In such affidavit the fact of the nonresidence of the defendants renders it unnecessary to the statement of a single ground for such service that more specific facts showing that, with due diligence, the plaintiff is unable to make service of summons upon the defendants within the state should be stated therein.

3.    **JUDGMENT—Process—Service by Publication—Motion to Quash Setting Aside Judgments.**  The inherent common-law power of courts over their judgments during the term at which the same are rendered and the common-law rights of parties to move to have them set aside for cause, in nonjury cases, is not impaired by section 3955, St. 1893 (section 4728, Rev. Laws 1910), nor by sections 4464, 4466-4471, St. 1893 (sections 5267, 5269-5275, Rev. Laws 1910), nor by the statute prescribing grounds for new trials.

(a)  A motion to quash service of summons by publication and set aside judgment by default predicated thereon, at the same term of court, because of falsity in fact of the ground for such publication stated in the affidavit therefor may be granted notwithstanding it does not show that the movant has any defense to the action or any statutory ground therefor.

(b)  Such motion is properly overruled if it appears therefrom or from the affidavit supporting the same that, although the plaintiff was not entitled to make service by publication upon the only ground sufficiently stated in the affidavit therefor, he was entitled to make such service upon a distinct ground therefor in said affidavit incidentally stated in general terms, insufficient merely for want of specification therein of requisite elemental facts to show such distinct ground therefor.

(Syllabus by Thacker, Co.)

*Error from District Court, Tillman County;*
*Frank Mathews, Judge.*

Action by C. W. Howard against J. W. Richardson and another.  Judgment for plaintiff, and defendants bring error.  Affirmed.

*John E. Williams,* for plaintiffs in error.

*Wilson & Roe,* for defendant in error.

Opinion by THACKER, C.  Plaintiffs in error will be designated as defendants and defendant in error as plaintiff, in accord with their respective titles in the trial

court. On April 12, 1912, plaintiff commenced this action upon a promissory note and to foreclose a real estate mortgage as security therefor upon lots 24, 25, 26, 27, and 28 in the original town of Frederick, Okla., and obtained service of summons upon defendants by publication predicated upon an affidavit therefor in the part in question here as follows:

"Affiant further states that the defendants, J. W. Richardson and Blanche Richardson, are, each of them, non-residents of the State of Oklahoma, and that the service of the summons cannot be made on the said defendants, the said J. W. Richardson and Blanche Richardson, or either of them, with due diligence within the State of Oklahoma; that the defendants, J. W. Richardson and Blanche Richardson's last-known place of residence was Atlanta, Ga.; and that the plaintiff wishes to obtain service on said defendants by publication," etc.

Section 3590, Stat. 1893 (section 5612, Comp. Laws 1909), the same being section 4722, Rev. Laws 1910, except for an addition in the fourth line of said section 4722 of the words "it is stated in the affidavit for service by publication that the," in so far as the same is pertinent here, reads:

"Service may be made by publication in either of the following cases: In actions brought under sections 4671 and 4672 [these being the numbers in Rev. Laws 1910], where any or all of the defendants reside out of the state, or where plaintiff with due diligence is unable to make service of summons upon such defendant or defendants within the state; * * * or where the defendant, being a resident of this state, has departed therefrom, or from the county of his residence, with intent to delay or defraud his creditors, or to avoid the service of a summons, or keep himself concealed therein with a like intent."

Section 3951, Stat. 1893 (section 4723, Rev. Laws 1910), which must be considered in connection with the quoted provision of the preceding section, in so far as pertinent here, reads:

"Before service can be made by publication, an affidavit must be filed stating that the plaintiff, with due diligence, is unable to make service of the summons upon the defendant or defendants to be served by publication, and showing that the case is one of those mentioned in the preceding section."

It thus appears that, in an action to foreclose a real estate mortgage, the plaintiff might have made service of summons by publication in either of the two following cases: (1) If the defendants were nonresidents, as required by the first clause of the first said section, the due diligence mentioned in the second said section of the statutes relating to such service did not require any active effort to make service upon them within this state unless plaintiff knew that they were within this state or had information indicating that they might be within the same, to make such service permissible, and in such case it was not necessary to actively exercise diligence or specify in the affidavit any diligence actively used, nor to otherwise than in the language of the statute negative their personal presence in the state, as a predicate for service by publication; (2) without regard to the place of residence of the defendants, if the plaintiff could not, with due diligence, make service of summons upon them within this state, as required by the second clause of the first said section, and the plaintiff truthfully made an affidavit showing that fact and the other facts required by the second said section, such service was permissible, but in such case, the element of nonresidence being ab-

sent, due diligence required something more than want of knowledge and want of information indicating that plaintiff might have made such service within this state. In such case the affidavit should have specifically shown duly diligent, that is, sufficiently active, effort to ascertain the whereabouts of the defendants and to make service upon them personally within this state, or that they were actually out of the state and could not be served within the same, as a predicate for service by publication, or that they had "departed from the county of" their "residence with intent to delay or defraud" their creditors, or to avoid the service of summons, or keep" themselves "concealed therein with like intent," specifying the facts in this regard. In other words, in case of a nonresident, who there is no reason to think may be within the state, due diligence does not require active effort to personally serve him; but, when the element of nonresidence is eliminated, such effort must be made.

In the absence of any reason to think that a nonresident defendant may be within the state, it would seem unreasonable to require a plaintiff to exercise active diligence to find and serve him within the same, as a predicate for service by publication; but, where the defendant is not shown to be a nonresident, nothing less than active diligence to find and serve him within the state amounts to due diligence and could justify an affidavit, and therefore the specific facts showing such diligence, that is, such active effort, should be stated in the affidavit, as a predicate for service by publication. This is evidently the intent of the statutes under consideration in this case.

The affidavit for publication appears to be sufficient on its face to show only one ground for service by pub-

lication (although it incidentally and in too general terms states another). *Ballew v. Young et al.,* 24 Okla. 182, 103 Pac. 623, 23 L. R. A. (N. S.) 1084; *Spaulding v. Polley,* 28 Okla. 764, 115 Pac. 864; *Tolbert et al. v. State Bank of Paden,* 30 Okla. 403, 121 Pac. 212; *Fenton v. Burleson,* 33 Okla. 230, 124 Pac. 1087.

Judgment by default was taken against defendants on June 4, 1912, and on June 7, 1912, at the same term of court, the defendants, upon special appearance for this purpose only, moved the court to set aside and vacate the said service of summons upon them by publication, together with all proceedings based thereon, upon the ground that such service was not sufficient to give the court jurisdiction, supporting such motion only by the affidavit of the defendant J. W. Richardson in words and figures as follows:

"J. W. Richardson, being duly sworn, says that he is one of the defendants above named; that he is now, and has been at all times since before April 10, 1912, a resident and voter in the State of Oklahoma; that his actual residence at all times between said dates has been in Oklahoma City, Okla.; that about the 11th day of November, 1911, he went with his wife to Atlanta, Ga., on business; that he made no effort to conceal his whereabouts and was not avoiding the service of any process, in fact, did not know that any process had been issued in this case; that neither of the defendants changed their residence from Oklahoma City, but left their household goods at that place, expecting to return to their said home in Oklahoma City, and in fact did return and are now residing there as aforesaid; that neither of said defendants had any notice of the filing of this suit; that neither had any intention of evading the service of process, and did not evade it or in any wise conceal themselves to avoid such service and were at all times

mentioned herein *bona fide* residents of the State of Oklahoma."

In all cases of judgment by default upon service by publication, section 3955, Stat. 1893 (section 4728, Rev. Laws 1910), gives an absolute and unqualified right to have the same opened up and to be let in to defend against the action to a defendant proceeding, and showing a defense and the requisite facts, as required by said statute, within three years from the date of the judgment.

If fraud is practiced by a plaintiff in obtaining a judgment in any case, sections 4464, 4466-4471, Stat. 1893 (sections 5267, 5269-5275, Rev. Laws 1910), give an absolute and unqualified right to vacate the same to a defendant proceeding, and showing a defense, as required by said statute, within two years from the date of such judgment; and in such cases, if the fraud is not discovered in time to proceed under said statute, and the defendant is entitled to relief upon the ordinary principles of equity, or if the defendant is not merely entitled to have said judgment vacated and the action opened up for further proceedings, but is, in equity, entitled to perpetually enjoin the assertion of any right under said judgment, and thus absolutely defeat the alleged right (that was merged into said judgment) of the party in whose favor it stands, a defendant therein, who is free from negligence either in the matter of discovering the fraud or in proceeding to obtain relief therefrom, may commence an action for such relief within two years from the time the fraud is discovered under the third subdivision of section 3890, Stat. 1893 (section 4657, Rev. Laws 1910), as the statutes above cited do not supersede the ordinary equitable rights and remedies in this regard. *City of Guthrie v. McKennon, Adm'r,* 19 Okla.

306, 91 Pac. 851; Dassler's Kansas Civil Code Ann. 1913, section 1856, and the following cases cited in the notes thereto: *Adams v. Secor,* 6 Kan. 542; *Klemp v. Winter,* 23 Kan. 699; *Busenbark v. Busenbark,* 33 Kan. 578, 7 Pac. 245; *List v. Jockheck,* 45 Kan. 349, 749, 27 Pac. 184; and *Steele v. Duncan,* 47 Kan. 511, 28 Pac. 206. Also see 23 Cyc. 889, 890. And the foregoing authorities also seem to make it clear that such statutes do not impair the common-law powers of the courts, especially in nonjury cases, to set aside its judgments during the term at which the same are rendered, or the common-law rights of the parties to demand the same upon motion for cause. *Brown v. Capitol Town-Site Co.,* 21 Okla. 586, 96 Pac. 587, and cases therein cited, including *MacAdams v. Latham,* 21 Okla. 511, 96 Pac. 584; 1 Freeman on Judgments (4th Ed.) sections 90, 105; 1 Black on Judgments (2d Ed.) section 305.

Although unnecessary to a decision of this case, and therefore not determined here, it appears that an order setting aside a judgment rendered and entered at the same term, so as to leave the case as if there had been no judgment, including an order such as is here asked quashing service of summons and setting aside the proceedings predicated thereon, is not final, but merely interlocutory (*Rahl v. Marlow State Bank,* 37 Okla. 170, 131 Pac. 525, and cases therein cited; also *Smith v. Whitlow,* 31 Okla. 758, 123 Pac. 1061), and therefore, in a case like this, tried to the court without a jury, where no statutory motion for a new trial is provided for, such order is not subject to review in this court (sections 4434, 4436, 4438, Stat. 1893 [sections 5235-5237, Rev. Laws 1910], and notes thereto).

It thus appears that there can be no question of the power of the trial court to have granted the motion, notwithstanding it showed no defense to the action and was not predicated upon any statute providing for the opening up of such judgments.

In the absence of fraud on the part of a plaintiff obtaining service of summons by publication under sections 3950-3953, Stat. 1893 (sections 4722, 4723, 4725, 4726, Rev. Laws 1910), the falsity in fact of an affidavit for publication sufficient upon its face, as to a ground for such publication specified in the first of said sections, does not render a judgment by default predicated thereon void, but only voidable, as such judgment is regarded as involving an adjudication that such. affidavit is true. *Davis v. Vinson Land Co.,* 76 Kan. 27, 90 Pac. 766, and cases therein cited.

The above Kansas rule appears to antedate our adoption of the Kansas statutes upon the construction of which the rule depends, and appears to be supported by the better reason in respect to effect and consequences. A defendant with notice of such judgment at any time within three years from its date has an adequate remedy against the same under section 3955, Stat. 1893 (section 4728, Rev. Laws 1910) ; and, if it should occur that the resultant conflicting claims of title to the property involved, as through its. use or occupation or the assessment or payment of taxes, did not result in bringing such judgment to the notice of the defendant therein within that period of time, a failure to discover the existence of such judgment within time to have the same opened and be let in to defend against the action within said three years would ordinarily be the result of the fraud of the party in whose favor the same was ren-

dered in preventing such discovery, which would usually operate to entitle such defendant, if free from negligence and without an adequate remedy at law in respect to any defense he may have had and would have interposed against usch action, to equitable relief, as by injunction, against such judgment. Dassler's Kansas Civil Code Ann. 1913, sections 830-833, 1856, and cases cited in notes thereto: 16 Cyc. 39, 40; 2 Freeman on Judgments (4th Ed.) section 491; 1 Black on Judgments (2d Ed.) sections 369-371; 6 Pomeroy's Equity Jurisprudence, section 654.

This affidavit upon which defendants' motion rests for support does not show that service could have been made on defendants within the State of Oklahoma, but is a negative pregnant, and in effect admits that the same could not have been so made under section 3938, Stat. 1893, as amended by Laws 1907-08, c. 68, which reads:

"The service shall be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of the family over fifteen years of age, at any time before the return day."

There is no presumption or inference from the facts stated in the affidavit supporting the motion that such personal service could have been made; but, to the contrary, the only reasonable inference therefrom is that it could not have been made. This affidavit states that about November 11, 1911, defendants went to Atlanta, Ga., on business, expecting to return, and that they did, in fact, return, and are now residing at their home in Oklahoma City; and this statement must be taken as referring to and as in explanation of plaintiff's affidavit for publication to the effect that at the time of this

affidavit defendants were nonresidents of this state, and that their last-known place of residence was in Atlanta, Ga., and that, with due diligence, service could not be made upon them within the State of Oklahoma. We think it but fair to construe this affidavit supporting defendants' motion as inferentially admitting that they were not within this state, and therefore could not have been served with summons within this state at the time the affidavit for publication service was made. It thus appears that the affidavit for publication was not only sufficient on its face, but was so far true, in fact, as to a ground for publication stated, although not sufficiently stated therein, as to have entitled plaintiff to make service by publication. And, unless falsity in fact of an affidavit sufficient upon its face, made to obtain service by publication, renders a judgment by default upon such service void, and not merely voidable, it would seem that a motion to vacate upon the ground of such falsity, without alleging fraud or showing any defense to the action, is properly overruled, although made at the same term at which the judgment is entered, where such motion admits a state of facts that show plaintiff to have been entitled to make such service upon a distinct ground stated, although insufficiently and only incidentally stated in the affidavit for publication. The authorities hereinbefore cited seem to establish the proposition that such judgment is not void, but only voidable.

The foregoing views make it unnecessary to determine the following question that might otherwise arise in this case, to wit: Where the motion to quash service by publication upon the ground that the facts stated in the affidavit as the predicate therefor are not true is supported by an affidavit to that effect, and no response is

made thereto nor any action taken to show that plaintiff desires to adhere to his affidavit for publication and to have it considered against defendant's affidavit, should such affidavit be regarded as uncontroverted and taken as true, or as merely controverting and to be weighed against the affidavit for publication?

For the reasons stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.