**E. R. THOMAS MOTOR CAR CO. v. ROBB.**

No. 10422—Opinion Filed June 27, 1922.

(Syllabus.)

1. **Process — Service by Publication — Sufficiency of Affidavit.**

An affidavit filed for the purpose of obtaining service by publication wherein it is

alleged the defendant is a foreign corporation with its principal place of business in New York, and it is alleged in the affidavit for service by publication that the plaintiff with due diligence is unable to make service of summons upon such defendant within the state. The same is sufficient under section **4722, Rev. Laws 1910,** and as amended by section 2, chapter 112, Session Laws 1915, to give the court jurisdiction of the action.

**2. Judgment — Collateral Attack — Validity.**

A motion to vacate a judgment as provided in section 5274 Rev. Laws 1910, for the reason the same is void, is a collateral attack upon said judgment, and cannot be sustained unless an examination of the judgment roll discloses the judgment to be invalid.

**3. Judgment — Default — Validity — Service by Publication Against Foreign Corporation — Sufficiency of Affidavit.**

A default judgment against a foreign corporation founded upon service by publication is not void because the affidavit failed to allege the foreign corporation had not designated an agent within this state upon whom service may be had, when an inspection of the judgment roll discloses that the foreign corporation was not doing business within this state, and the affidavit negatives the fact that the defendant could be served within the state.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by I. J. Robb against the E. R. Thomas Motor Car Company for damages for breach of contract. Judgment for plaintiff, motion of defendant to vacate judgment overruled, and defendant brings error. Affirmed.

Abernathy & Howell, for plaintiff in error.

Stanard & Ennis, for defendant in error.

McNEILL, J. This action was commenced in the superior court of Pottawatomie county by defendant in error to recover from plaintiff in error damages for breach of contract. Garnishment was had against the Shawnee National Bank, which answered disclosing certain money in its hands. Affidavit of publication was filed and service by publication had against E. R. Thomas Motor Company and the People's Bank of Buffalo. The People's Bank of Buffalo appeared and claimed the money garnished. The defendant E. R. Thomas Motor Company failed to appear, and judgment was rendered against it by default. The case between the defendant in error and the People's Bank of Buffalo was tried to a jury, and a verdict rendered in favor of the plaintiff below.

Said judgment was rendered on the 12th day of December, 1917, and no appeal was taken therefrom. Thereafter, on May 18, 1918, defendant below, E. R. Thomas Motor Car Company, appeared specially and moved to vacate, set aside, and hold for naught said judgment against it, for the reason the court was without jurisdiction to render judgment, because the affidavit to obtain service by publication was insufficient to authorize the publication of notice and the publication of notice was not sufficient to confer jurisdiction. This motion was denied, and from that order this appeal is prosecuted.

The affidavit for publication, in part, contains the allegations that the defendant E. R. Thomas Motor Car Company and the People's Bank of Buffalo were foreign corporations and nonresidents of the state of Oklahoma, with their principal office and place of business in the state of New York. After describing the character of the action and the amount claimed due, the affidavit as to E. R. Thomas Motor Car Company was as follows:

"That said defendant being a nonresident of the state of Oklahoma, and not within the state of Oklahoma, the plaintiff cannot, with the exercise of due diligence, make service of summons on said defendant in the state of Oklahoma, and therefore asks that he be permitted to serve said defendant by publication."

It is contended that the affidavit is insufficient under the holding of this court in the case of Nicoll v. Midland Savings & Loan Co. of Denver, 21 Okla. 591, 96 Pac. 744, and cases following that decision. The statute involved in that case was section 4276, Wilson's Statutes 1903. That statute provided that publication may be had:

"Where the plaintiff with due diligence is unable to make service of summons upon said defendant or defendants within the territory."

This court held the affidavit for publication would have to recite the diligence used by the party desiring to obtain service. The statute has been revised and amended since said time. The first revision was by the codifier and is section 4722, Rev. Laws 1910, which was revised to read as follows:

"Where any or all of the defendants reside out of the state, or where it is stated in the affidavit for service by publication that the plaintiff with due diligence is unable to make service of summons upon such defendant or defendants within the state."

The statute was again amended, being section 2, chapter 112, Session Laws 1915,

and provides if it is stated in the affidavit that the plaintiff is unable with due diligence to make the service, this is sufficient. The affidavit in the instant case complies with the statute in this respect and is sufficient under the holding of this court in the case of Fenton v. Burleson, 33 Okla. 230, 124 Pac. 1087; although the statute at the time of the decision in that case had not been revised.

The case of Nicoll v. Midland Savings & Loan Co., supra, has been cited upon numerous occasions since the revision of the statute, but in no cases have the opinions called attention to the fact that the statute had been changed or amended.

It is next contended that the publication notice was void for the reason the affidavit for publication contained no allegation that the company had failed to designate an agent within this state upon whom service of publication might be had as stated in the case of Nicoll v. Midland Saving & Loan Co., supra. We do not believe this position is well taken. The affidavit recites that service cannot be had in this state, and there is no allegation that the defendant was doing business within the state, but the record discloses that it was not doing business within the state, but had sold property and shipped the same into this state with a draft attached and the proceeds of the draft had been attached.

Section 4728, Rev. Laws 1910, provides how a judgment which has been rendered upon service by publication may within three years be set aside. The defendant company did not attempt to have the judgment vacated as provided in this section of the statute, but filed their motion under section 5274, Rev. Laws 1910, which provides that a void judgment may be vacated at any time. This court, in the case of Chaplin v. State Bank of Hitchcock, 72 Oklahoma, 181 Pac. 497, held that the attack in this kind and character of an action would be a collateral attack, and unless the judgment roll discloses the judgment void, it would not be set aside when proceeding under section 5274, Rev. Laws 1910. The judgment is not a void judgment, within the meaning of said section of the statute. A judgment is void upon its face when an inspection of the judgment roll demonstrates its want of validity. The judgment roll discloses that the defendant was not engaged in business within the state, therefore it would not be required to appoint an agent upon whom service might be had, and the affidavit of publication as stated in the case of Fenton v. Burleson, supra, negatives the

fact that the defendant could be served within the state. The judgment was not void, and the court did not err in overruling the motion to vacate the same.

For the reasons stated, the judgment of the court is affirmed.

HARRISON, C. J., and ELTING, KENNAMER, and NICHOLSON, JJ., concur.