**MAGNOLIA PETROLEUM CO.**
v.
**YOUNG et al.**
No. 34976.

Supreme Court of Oklahoma.
Oct. 27, 1953.
As Amended on Denial of Rehearing
Dec. 22, 1953.

Walace Hawkins, Dallas, Tex., and Wendell J. Doggett, Oklahoma City, for plaintiff in error.

Uriel L. Harshfield, Cheyenne, for defendants in error.

BLACKBIRD, Justice.

Plaintiff in error commenced this action in the trial court as plaintiff against defendants in error, and others, as defendants. The parties will hereinafter usually be referred to as they appeared there.

Plaintiff's petition and first amended petition alleged that at all times pertinent to the issues herein it was the owner of an undivided one-half (½) interest in the oil and gas and other minerals in and under the following described tract of land situated in Roger Mills County, Oklahoma, to-wit:

Lot One (1) and the Northeast Quarter of the Northwest Quarter (NE¼ NW¼) of Section Nineteen (19), in Township Sixteen (16) North, of Range Twenty-four (24) West of the Indian Meridian and the East Half of the Northeast Quarter of the Northeast Quarter (E½ NE¼ NE¼) and the East Half of the West Half of the Northeast Quarter of the Northeast Quarter (E½ W½ NE¼ NE¼) of Section Twenty-four (24), in Township Sixteen (16) North, Range Twenty-five (25) West of the Indian Meridian, containing 106.46 acres, more or less.

Plaintiff alleged further that the two certificate tax deeds issued on October 29, 1937, purporting to convey the said land to one Lorena May Thorne, were void and that a subsequent judgment in Case No. 6748, in the District Court of Roger Mills County, Oklahoma, purporting to quiet title in one Charley Davis, successor to said certificate tax purchaser, was void as to it for the reason that proper service was not obtained in said action upon it. Plaintiff tendered all taxes, penalties, interest, costs and expenses due under the Oklahoma Statutes.

Plaintiff prayed that the said tax deeds and the subsequent conveyances by the tax purchaser and her successors be set aside as to its undivided one-half (½) interest in the oil and gas and other minerals, that its title to said interest be quieted and confirmed as against the defendants and their successors, and that the defendants be enjoined from asserting any contrary claim.

By way of separate answer and cross-petition, the defendants, Eva Mae Young and Clair E. Young, her husband, denied generally plaintiff's allegations and after deraigning title from the certificate tax purchaser, alleged that the said Eva Mae Young is the owner in fee simple of the land in question and prayed that her title in and to the same be quieted as against the plaintiff.

The Superior Oil Company, a corporation, answered by way of general denial and further alleged that the said Eva Mae Young is the owner in fee simple of the land in question and that as such owner, she executed an oil and gas lease to it and that said lease is a valid and subsisting one. Said defendant prayed that its oil and gas lease be decreed a valid and subsisting lease as against all claims of the plaintiff.

Other persons who were named as defendants in the trial court neither appeared, plead nor obtained relief by the judgment of the trial court and are not made parties to this appeal.

The case was submitted for trial upon an agreed stipulation of facts, in writing, together with certain other facts stipulated and agreed upon in open court. Said stipulation is as follows:

"Without waiving the right to offer additional testimony or evidence at the time of the trial of this cause, it is hereby stipulated and agreed by and between Uriel L. Harshfield, attorney for the defendants Eva Mae Young and Clair E. Young; Richard W. Fowler, attorney for the defendant Superior Oil Company, a corporation; and Wendell J. Doggett, attorney for the plaintiff, Magnolia Petroleum Company, a corporation, as follows:

"1. On November 29, 1929, by virtue of the mineral deed executed by W. R. Jarrett, the Magnolia Petroleum Company, a Texas corporation, acquired an undivided one-half (½) interest in and to the minerals and mineral rights in and under the following described tract of land, to-wit:

"Lot One (1) (NW¼ NW¼) and the Northeast Quarter of the Northwest Quarter (NE¼ NW¼) of Section Nineteen (19), in Township Sixteen (16) North,

Range Twenty-four (24) West of the Indian Meridian; and the East Half of the Northeast Quarter of the Northeast Quarter (E½ NE¼ NE¼), and the East Half of the West Half of the Northeast Quarter of the Northeast Quarter (E½ W½ NE¼ NE¼) of Section Twenty-four (24), in Township Sixteen (16) North, of Range Twenty-five (25) West of the Indian Meridian, containing 106.46 acres, more or less; A true copy of said mineral deed, which is recorded in Book 40 at page 610, of the records of Roger Mills County, Oklahoma, is attached hereto and marked 'Exhibit A'.

"2. On the 5th day of November, 1934, the land described in paragraph one above, including the undivided one-half of the minerals and mineral rights then owned by Magnolia Petroleum Company, was sold for taxes levied thereon for the year 1933, and was purchased by Paul N. Hunt, County Treasurer, in the name of the County of Roger Mills, State of Oklahoma.

"3. On the 17th day of August, 1937, Lorena May Throne, one and the same person as Lorena Throne and Lorene Throne, purchased from the then County Treasurer of Roger Mills County, Oklahoma, tax sale certificates numbered 627 and 653, covering the tract of land described in paragraph one above.

"4. The instrument attached hereto and marked 'Exhibit B' is a true copy of the Notice of Application for Tax Deed covering the above described land, which was issued on August 24, 1937. The said notice, together with the Sheriff's return of service which appears on said 'Exhibit B', was filed in the office of the County Clerk of Roger Mills County, Oklahoma, on September 18, 1937.

"5. Preparatory to serving notice of application for certificate tax deeds by publication on Magnolia Petroleum Company and other defendants, in accordance with the provisions of Title 68 O.S.1941 § 451, G. C. Peterson, as attorney for the tax deed purchaser Lorena May Throne, filed with the County Clerk of Roger Mills County, on August 25, 1937, his affidavit for service by publication. A true copy of said affidavit is attached hereto and marked 'Exhibit C'.

"6. Neither the said G. C. Peterson nor Lorena May Throne mailed a copy of the said notice of application for certificate tax deed to Magnolia Petroleum Company, nor did such persons file an affidavit in lieu of such mailing, affirming that such mailing could not be accomplished because the address of Magnolia Petroleum Company was not known or could not be ascertained by any means within the control of the said certificate tax purchaser or her attorney.

"7. The instrument attached hereto and marked 'Exhibit D' is a true copy of the tax deed issued on October 29, 1937, by Henry A. Carl, County Treasurer of Roger Mills County, State of Oklahoma, to Lorena May Throne, covering the following tract of land in Roger Mills County, to-wit:

"The North Half of the Northwest Quarter (N½ NW¼) of Section Nineteen (19), Township Sixteen (16) North, Range Twenty-four (24) West, I. M.

"8. The instrument attached hereto and marked 'Exhibit E' is a true copy of the tax deed issued on October 29, 1937, by Henry A. Carl, County Treasurer of Roger Mills County, State of Oklahoma, to Lorena May Throne, covering the following tract of land in Roger Mills County, to-wit:

The East Half of the Northeast Quarter of the Northeast Quarter (E½ NE¼ NE¼), and the East Half of the West Half of the Northeast Quarter of the Northeast Quarter (E½ W½ NE¼ NE¼), Section Twenty-four (24), Township Sixteen (16) North, Range Twenty-five (25) West, of I. M.

"9. On the 7th day of October, 1941, the said Lorena May Throne, joined by her husband, Oscar H. Throne, executed a quitclaim deed to one Charley Davis, describing all of the land covered by the tax deeds described in paragraphs 7 and 8 above, which is the same land described in paragraph 1 above. A true copy of said quitclaim deed, which is recorded in Book 4 at page 23, of the records of Roger Mills County, State of Oklahoma, is attached hereto and marked 'Exhibit F'.

"10. Thereafter, on the 15th day of August, 1942, the said Charley Davis, by his attorneys, Peterson and Peterson, filed an

action in the District Court of Roger Mills County, Oklahoma, docketed as Case No. 6748 and styled: Charley Davis v. Tom Summers et al. In this action the plaintiff, Charley Davis, sought to obtain judgment quieting title in fee simple in and to all of the land above described as against the Magnolia Petroleum Company and the other defendants. In said action, service of summons on the Magnolia Petroleum Company was obtained by publication. In order to obtain such service by publication, G. C. Peterson, as attorney for Charley Davis, filed an affidavit for service by publication, a true copy of which is attached hereto and marked 'Exhibit G.'

"11. Thereafter, on the 10th day of November, 1942, without any appearance on behalf of Magnolia Petroleum Company, judgment was entered in said Case No. 6748 in the District Court of Roger Mills County, Oklahoma, purportedly quieting title in and to said land in the plaintiff, Charley Davis. A true copy of said judgment is attached hereto and marked 'Exhibit H.'

"Said judgment was regular and valid in all respects as against all of the defendants named in said action unless the same was rendered irregular, voidable or void by reason of the alleged insufficiency or irregularity of the service by publication. In this connection it is agreed that neither Uriel L. Harshfield nor Richard W. Fowler admit or agree that said service was in fact insufficient, or irregular.

"12. On August 6, 1942, the said Charley Davis conveyed all interest in said land to Eva Mae Young, by warranty deed which is recorded in Book 54 at page 443, of the records of Roger Mills County, Oklahoma. A true copy of said warranty deed is attached hereto and marked 'Exhibit I.'

"13. During all of the times mentioned herein the Magnolia Petroleum Company, plaintiff herein, was a corporation, organized and existing under the laws of the State of Texas, and licensed to do business in the State of Oklahoma. Mr. B. B. Blakeney was the duly appointed and qualified service agent for the Magnolia Petroleum Company, plaintiff herein, for the State of Oklahoma, from November 27, 1925 to April 24, 1941. Mr. W. R. Wallace was the duly appointed and qualified service agent for the said Magnolia Petroleum Company, for the State of Oklahoma, from April 24, 1941, to June 28, 1950.

"14. All of the interest of Eva Mae Young in and to said land is now subject to a valid and subsisting oil and gas lease now owned by The Superior Oil Company, a corporation."

Exhibits from A to H, inclusive, are referred to in the stipulation. Trial court rendered judgment for defendants. Plaintiff filed with this Court petition in error setting forth eight assignments of error, which are presented under one proposition, with two subheadings, A and B. Sub-Proposition A: The affidavit was fatally defective in failing to allege that the Magnolia Petroleum Company, a foreign corporation, did not have a service agent on whom service could be made or allege such other facts as would negative the ability to serve such agent. Sub-Proposition B: The said affidavit was fatally defective in failing to contain the necessary allegation as to plaintiff's inability, after due diligence, to make personal service on defendant, as required by the statutes of the State of Oklahoma.

The only question necessary to determine in this cause is whether or not the judgment rendered in Cause No. 6748, in the District Court of Roger Mills County, is void as against the Magnolia Petroleum Company.

Plaintiff, Magnolia Petroleum Company, contends the Court was without jurisdiction as to it for the reason that the affidavit was fatally defective in failing to contain necessary allegations as to plaintiff's inability, after due diligence, to make personal service upon the defendant as required by law, in that it contained no allegations that Magnolia Petroleum Company was a foreign corporation, and had no service agent on whom service might be made, or such other facts as would negative the ability to serve such agent.

Defendant contends that the judgment roll in the prior quiet title action is not void on its face and that this action is a collateral attack and states that it is settled law in this State that where a judgment of a

court of general jurisdiction recites that service of summons by publication has been duly and legally made or has been made by publication as required by law, or similar recitations or findings, the judgment based thereon will not be held void on the face of the judgment roll and will not be set aside on motion filed more than three years after date.

Plaintiff and defendant cite many cases, which we deem unnecessary to discuss here.

We have here a foreign corporation duly organized and existing under the laws of the State of Texas, with a permit to do business in the State of Oklahoma, and having its principal place of business in said State in Oklahoma City, and who at all times had a duly appointed and qualified resident service agent, as prescribed by our statutes.

The affidavit in question as it pertains to Magnolia Petroleum Company is as follows:

"This affiant and plaintiff do not know and are unable to ascertain whether Commerce Trust Company, a corporation, and Magnolia Petroleum Company, a corporation, are now existing, or whether they have been dissolved, and if existing, their principal offices or places of business, or the names or whereabouts of their respective officers, except that plaintiff believes that they are existing that *that* they are foreign corporations; that if said corporations are now dissolved, then plaintiff with due diligence and inquiry have been and are unable to ascertain the names or whereabouts of their respective officers, successors, trustees or assigns, if any.

\* \* \* \* \* \*

"That plaintiff with due diligence or by any means within his control is unable to obtain service of summons upon any of ——— defendants in this action within the State of Oklahoma.

"That plaintiff wishes service by publication upon defendants as provided by law."

 Plaintiff, Magnolia Petroleum Company, has complied with the law which requires the appointment of a service agent, Title 18 O.S.1941 § 452. Everyone having a cause of action against said corporation

is presumed to have knowledge of this law. Upon examination of the stipulation, the affidavits, exhibits and the citations by the parties to this action, we find that the rule controlling here was laid down by this Court in Nicoll v. Midland Savings & Loan Co., 21 Okl. 591, 96 P. 744, as follows:

"Where the affidavit for service on a foreign corporation by publication \* \* \* does not allege that such corporation had failed to comply with the requirements to do business in \* \* \* Oklahoma, including the designation of an agent upon whom service may be had, a judgment rendered thereon without further notice upon or any appearance by such corporation is void."

The statutes governing service on a foreign corporation were amended after the decision in the above quoted case. Following such amendment, a very similar proposition was presented in the case of E. R. Thomas Motor Car Co. v. Robb, 86 Okl. 266, 208 P. 783. In the latter case, the rule was modified, in line with the statutory amendment, to the extent that it was there held that:

"A default judgment against a foreign corporation, founded upon service by publication, is not void because the affidavit failed to allege the foreign corporation had not designated an agent within this state upon whom service may be had, *when an inspection of the judgment roll disclosed that the foreign corporation was not doing business within this state,* and the affidavit negatives the fact that the defendant could be served within the state." (Italics added.)

 In the instant case, the affidavit contained no allegation that the corporate defendant had not designated an agent upon whom service of summons could be had, Nicoll v. Midland Savings & Loan Co., supra, nor did the judgment roll disclose that the foreign corporation was not doing business within this state, E. R. Thomas Motor Co. v. Robb, supra. One or the other was necessary to authorize service by publication and to confer jurisdiction of the court over the plaintiff here, Magnolia Petroleum Company, who was defendant in the prior suit. As this fatal defect was reflected in

the judgment roll, and negatived the court's finding as to the sufficiency of the publication service, the judgment was void on its face and subject to being set aside at any time, either by direct or collateral attack. See Davis v. Rowland, 206 Okl. 257, 242 P.2d 716, and authorities therein cited.

Reversed with directions to enter judgment for plaintiff.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, DAVISON, ARNOLD and WILLIAMS, JJ., concur.

O'NEAL, J., dissents.