STATEMENT OF THE CASE.
It appears from the record and the briefs of counsel, that on the second day of February, 1895, Don A. Gillett made, executed and delivered to John Romig his promissory note for $700.00, payable two years after date, bearing interest at the rate of twelve per cent per annum, payable *Page 187 
semi-annually in advance. This note was secured by a real estate mortgage executed by the said Don A. Gillett upon the east half of the northeast quarter of section eighteen, township twenty-two, range six west of the Indian Meridian. It further appears that on the sixth day of February, 1895, Don A. Gillett executed a deed to one Myrtle Gillett for said land, subject to the above described mortgage. It further appears from the record that on the 11th day of March, 1896, John Romig brought an action in the district court of Garfield county against Don A. Gillett and Myrtle Gillett to recover judgment against the said Don A. Gillett for $749.00, with interest and attorneys fees, and to foreclose said mortgage. The petition contained the following averment: "Plaintiff further states that said defendant Myrtle Gillett has or claims to have some interest or lien upon said premises, or part thereof, and if any she may have, it is junior, inferior and subject to plaintiff's mortgage deed."
On June 2, 1896, John Romig filed in the district court his affidavit for summons by publication, which affidavit is as follows:
 "AFFIDAVIT FOR PUBLICATION.
"Territory of Oklahoma, Garfield County — ss: In the District Court in the County and Territory Aforesaid.
"John Romig, Plaintiff, v. Don A. Gillett and Myrtle Gillett, Defendants. Affidavit.
"D. D. Temple being duly sworn according to law, says that he is the attorney for the above named plaintiff, and that on the __________ day of March, 1896, said plaintiff filed in the district court aforesaid a petition against said defendants, showing that said defendant Don A. Gillett heretofore executed and delivered to said plaintiff, John Romig, a certain mortgage deed, conveying the *Page 188 
following described real estate, to-wit, the east half of the northeast quarter of section eighteen, township twenty-two, range six west of the Indian Meridian, lying and situated in the county of Garfield and Territory of Oklahoma, to secure the payment of a certain sum of money mentioned in said mortgage and in said petition. That the conditions of said mortgage had been broken, and said mortgage had become absolute. That said plaintiff is the legal owner and holder of said indebtedness and said mortgage. That said defendants claim a lien upon or right, title, estate, interest, or equity of redemption, in or to said premises or some part thereof subject and inferior to the right of said plaintiff and praying judgment for the amount due said plaintiff on the said indebtedness for the foreclosure of said mortgage. That the lien, claim, interest, estate, and equity of redemption of said defendants in and to said premises, if any they may have, be determined and settled, and that said plaintiff be adjudged to have the first lien and claim upon said premises.
"That said premises be ordered sold according to law, and the proceeds applied to the payment of said indebtedness due said plaintiff, and that said defendants be forever barred and foreclosed of and from all right, title, estate, interest, property and equity of redemption in or to said premises or any part thereof.
"The affiant further says that the said action is brought for the sale of the real estate under the aforesaid mortgage.
"Affiant further says that he is unable and that the plaintiff is unable by using due diligence, to obtain service of summons on the said defendants within the Territory of Oklahoma.
"Affiant further states that on the __________ day of March 1896, he caused a summons to be issued in said cause for said defendants, directed to the sheriff of Garfield county, Oklahoma Territory. Sheriff made return, 'Defts. not found in my county.' *Page 189 
"Affiant further states upon information and belief that the said defts., Don A. Gillett and Myrtle Gillett are non-residents of the Territory of Oklahoma, and that service of summons cannot be made on the said defts., Don A. Gillett and Myrtle Gillett within the said Territory of Oklahoma, and that said pltff. wishes to obtain service upon said defts. by publication, and further affiant saith not.
D. D. TEMPLE,
"Subscribed and sworn to in my presence before me this 2nd day of June, 1896. J. C. McCLELLAND, Clerk.
"SEAL.
"By W. B. JOHNSTON, Deputy."
On the 18th of December, 1896, judgment was rendred; that on February 20, 1897, said sale was by the mortgage was foreclosed, and the sale of the land ordered; that on February 20, 1897, said sale was by the court confirmed, and an order made requiring the sheriff to execute a deed to the purchaser, and in obedience to such order on March 9, 1897, the sheriff executed a deed to the plaintiff in error, John Romig, for said premises. It appears that thereafter on the 9th of March, 1897, John Roming, for a valuable consideration, sold said premises to the plaintiff in error, Daniel W. Harding. That on September 17, 1898, Myrtle Gillett, the defendant in error, filed her motion to vacate and set aside the judgment upon the following grounds: (1) That the court had no jurisdiction of the defendant Myrtle Gillett. (2) Because said court had no jurisdiction to render said judgment. (3) That the defendant was at all times during the pendency of said action a resident of the Territory of Oklahoma, and that no summons was ever served upon her. (4) That the service of publication was void. *Page 190 
In support of this motion to vacate the judgment, the following affidavit was filed by the defendant in error, Myrtle Gillett (omitting caption and jurat):
"Comes now the defendant Myrtle Gillett and being sworn says, that on the 11th day of March, 1896, and for a long time prior thereto she was, ever since has been, and now is a resident of the county of Kingfisher and Territory of Oklahoma, and resided upon the real estate in said county described as follows, to-wit: S.W. 1/4, sec. 13, twp. 19, range 7, joining Hennessy, O. T.
"That from said 11th day of March, 1896, until after the 18th day of June, 1896, said Myrtle Gillett was personally present upon said real estate, except when she was temporarily absent when visiting or transacting business in the neighborhood, and ever since said last date, except, have never been absent from home but for one week in July, 1895, since we returned from living in Enid in 1893 and 1894 to our present home.
"That the said Myrtle Gillett had resided upon said real estate for more than five years prior to the said 11th day of March, 1896, and her home and residence was well known to the people of said neighborhood and county, and to a large number of persons in Garfield county, O. T.
"That this affiant had no knowledge of the institution or prosecution of the above entitled cause until long after the date of sale of land, and had no actual notice of the institution and pendency of said action."
The plaintiffs in error offered in opposition to the showing of Myrtle Gillett the affidavits of John Romig and Daniel W. Harding which are as follows (omitting caption and jurat):
"John Romig, of lawful age being first duly sworn, on his oath says: That he is the plaintiff in the above entitled action; that prior to the time the petition in said entitled action was filed I employed D. D. Temple as my *Page 191 
attorney to foreclose the mortgage recited in said plaintiff's petition, and as my attorney he was authorized to do all that was necessary to be done in said cause.
"Affiant further says that he is not, nor never has been acquainted with the defendant named Myrtle Gillett, nor any person by the name of Myrtle Gillett, nor does he know that there is such a person, that no person of that name ever offered to pay the mortgage mentioned in plaintiff's petition, nor any of the interest on said note, nor had they paid any taxes on said land mentioned in said mortgage.
"That the only information concerning such a person this affiant had learned of during the proceedings in foreclosure, is that a party of that name resided in the state of Kansas, and not within the Territory of Oklahoma.
"Daniel W. Harding of lawful age, being first duly sworn, on oath says: That on the 9th day of March, 1897, for a valuable consideration I purchased in good faith of John Romig, plaintiff in the above entitled cause, the east half of the northeast quarter of section eighteen, township twenty-two, range six west of the Indian Meridian, except a strip of eighthy feet off of the west side from the north to the southern boundary. And that ever since the date of the purchase of said described tract of land from said John Romig, and at the time said notice to set aside said judgment was served on this affiant, as well as up to the present time, this affiant has been in full and complete possession of said land and the owner and holder of the same, and without any knowledge of any rights or claim of any person other than he, the said John Romig, his grantor, who held the same under a sheriff's sale and deed prior to the purchase of the same by this affiant. And affiant further says, that the deed conveying said tract of land to this affiant by said John Romig is a general warranty deed, and is recorded on page 170 in book five of deeds in the office of the register of deeds of Garfield county, Territory of Oklahoma." *Page 192 
The court sustained the motion to vacate and set aside the judgment as to the defendant Myrtle Gillett, on the ground that the judgment is void for want of jurisdiction, and that all subsequent proceedings thereunder were wrongful and void, and ordered that the plaintiff be restored to the possession of the premises from which she was wrongfully dispossessed. From this ruling and order of the court the plaintiffs in error bring the case here.
Opinion of the court by
We think that the court properly sustained the motion to vacate and set aside the judgment on the ground that the affidavit for service of publication was wholly insufficient, and therefore the court had no jurisdiction of the person of the defendant in error. The only service had in this case was by publication. The defendant in error, Myrtle Gillett, filed no pleading and made no appearance in the action. Judgment was entered against her by default. The affidavit in this case was made by the attorney of record of the plaintiff. It states that, "upon information and belief that the said defendants Don A. Gillett and Myrtle Gillett are non-residents of the Territory of Oklahoma, and that service of summons cannot be made on the said defendants Don A. Gillett and Myrtle Gillett within the said Territory of Oklahoma."
The affidavit proves nothing. It does not state facts, but only affiant's belief that the defendants were nonresidents of the Territory of Oklahoma. Such a statement is but a mere hearsay declaration of counsel for the plaintiff, and does not amount to legal proof. *Page 193 
In Hefern v. Davis, 10 Wis. 443, it wan held by the supreme court of Wisconsin that:
"Statements on information and belief merely, that the defendant's residence cannot be ascertained, or that his whereabouts cannot be discovered, are not sufficient evidence of non-residence in the state to authorize an order of publication of the summons. Such statements are but hearsay, and do not amount to legal proof."
The affidavit being insufficient the court had no jurisdiction of the defendant in error. We think this defect in the affidavit is fatal to the service by publication. The affidavit is the basis upon which jurisdiction is obtained. The plaintiff has no authority to obtain service by publication until after he has filed the proper affidavit, and without such affidavit the publication is absolutely void. Where a party seeks to bring a defendant into court by service by publication under the code, he must strictly comply with the requirements of the statute, and unless this be done the judgment will be vacated and set aside for want of jurisdiction of the person of the defendant. It must follow that where the service is absolutely void, every subsequent proceeding including the judgment, the order of sale, the confirmation of the sale, and the sheriff's deed, must necessarily be void.
In Shields v. Miller, 9 Kan. 390, the supreme court of that state declared that:
"In an action to foreclose a mortgage on real estate, service may be made upon a defendant not residing within the state, by publication; but before such service can be made, an affidavit must be filed showing that service cannot be made personally on the defendant within the state. And where a service by publication has been made in such a case, without said affidavit being first filed, the service is void; and every subsequent proceeding in the case *Page 194 
founded on such service, including the judgment, the execution or order of sale, the sale, and the sheriff's deed, must also necessarily be void."
The same rule was also announced by the supreme court of Kansas in the cases of Harris v. Claffin, 36 Kan. 543; andGrouch v. Martin, 47 Kan. 313.
The judgment of the district court is therefore affirmed at the costs of the appellants.
McAtee, J., having presided in the court below not sitting; all of the other Justices concurring.