## SHANHOLTZER v. THOMPSON *et al.*

### No. 173.    Opinion Filed July 13, 1909.

#### (103 Pac. 595.)

1. **AFFIDAVITS—Execution Before Affiant's Attorney.** An affidavit filed in a case, executed before a notary public who is attorney of record appearing for the party offering the same, is voidable, and on being assailed for this reason, in the absence of a request for amendment, where such a course is permissible, should be held void.

2. **AFFIDAVITS—Positive Averments.** An affidavit to be used as evidence should state facts positively, and not merely upon belief.

3. **JUDGMENT—Default—Process to Sustain.** A judgment entered by default, where there is no proof of service of summons, when assailed by the defendant for this reason, should be set aside and leave given defendant to plead.

(Syllabus by the Court.)

*Error from District Court, Nowata County; T. L. Brown, Judge.*

Action by J. T. Thompson and another against P. H. Shanholtzer. Judgment was rendered for plaintiffs, and defendant having thereafter moved to strike from the files certain affidavits and to vacate the judgment and be allowed to defend, and his motions

having been denied, he brings error. Reversed and remanded, with instructions to set aside the judgment.

W. J. *Campbell,* for plaintiff in error, citing: *Warner v. Warner,* 11 Kan. 123.

*Tillotson & Elliott,* for defendants in error, citing: 1 Bailey on Jurisdiction, § 31; *Forman v. Carter,* 9 Kan. 674; *Post v. Colman,* 9 How. 64; *People v. Spalding,* 6 Conn. 587.

Dunn, J. January 24, 1908, defendants in error, as plaintiffs, filed their petition in the district court of Nowata county, against plaintiff in error, P. H. Shanholtzer. The record shows that on the same day summons was issued, but that the same was never returned showing service. On March 6, 1908, there was filed in the office of the clerk of the district court an affidavit by the clerk showing that on the 24th day of January, 1908, on a præcipe duly filed, summons was issued under the seal of the court to the sheriff of the county; also, an affidavit by the sheriff of the county that he directed one of his deputies to make service of this summons; also, an affidavit on the part of said deputy that he executed the summons by serving a copy of the same on the defendant, that the original of said summons had been misplaced, that the whereabouts of the same was unknown to him, and that he had never made return of the summons, but that the same had been duly and properly served according to law. All of these different affidavits were verified as correct upon the belief of the parties making them, and were sworn to before Thomas E. Elliott, who was a notary public, and who was appearing as one of the attorneys of record for the plaintiffs. Upon this showing of service upon the defendant, and in the absence of any answer, demurrer, motion or other plea or appearance, the court entered judgment in favor of plaintiffs and against defendant. On the same day that these affidavits were filed and judgment rendered, there was filed on the part of counsel for defendant two motions; one to strike from the files in the cause the affidavits mentioned for the reason that they were subscribed and sworn to before one

of the attorneys in the cause, and, second, a motion to vacate the judgment and allow defendant an opportunity to plead on the ground of irregularity in the obtaining of the said judgment. These motions were by the court overruled, exceptions saved, and from which action defendant has brought the case to this court by petition in error and case-made, praying a reversal thereof.

The statutes of Kansas in reference to the right of an attorney of a party in an action to take affidavits therein at his instance, as notary public, are the same as ours, and the question has been passed upon by the Supreme Court of that state in a number of cases, several of which are as follows: *Tootle, Hanna & Co. v. Smith*, 34 Kan. 27, 7 Pac. 577; *Swearingen v. Howser et al.*, 37 Kan. 126, 14 Pac. 436; *Schoen v. Sunderland*, 39 Kan. 758, 18 Pac. 913. Under these authorities the motion made by counsel for defendant should have been sustained.

Moreover, it will be observed that the affidavits were made merely upon the belief of the different parties. The Supreme Court of the state of Kansas, in the case of *Thompson v. Higginbotham*, 18 Kan. 42, said: "An affidavit to be used as evidence should state facts positively, and not merely upon belief." Justice Brewer, who wrote the opinion for the court, said that such an affidavit proves nothing, except affiant's belief. The foregoing comment is equally true of the affidavits in the case at bar, and hence there was no evidence whatever before the court of any proof of service of summons. This being true, no judgment should have been entered, but, having been, it should have been annulled and set aside on defendant's motion.

The judgment of the lower court is, accordingly, reversed, and the case remanded, with instructions to set aside the judgment heretofore entered and grant defendant the statutory time for pleading.

Hayes, Turner, and Williams, JJ., concur; Kane, C. J., absent and not sitting.