**HOLLAND v. HOLLAND.**

No. 9392—Opinion Filed July 23, 1918.

(173 Pac. 1139.)

**Process—Service by Publication—Affidavits.**

An affidavit for service by publication, which states that the defendant is a non-resident, as affiant is advised and informed, and that the defendant's last known residence was Claremore, Okla., but that the defendant has left the said place, as affiant is informed and believes, is a mere hearsay declaration, and is wholly insufficient as a basis for service by publication.

(Syllabus by Pryor, C.)

Error from District Court, Cherokee County; John H. Pitchford, Judge.

Suit by Flora N. Holland against Robert B. Holland for divorce, in which plaintiff obtained a decree of divorce. From a judgment refusing defendant's motion to vacate the decree, he brings error. Reversed, with directions.

C. F. Bliss and P. J. Carey, for plaintiff in error.

Opinion by PRYOR, C. On February 12, 1912, in the district court of Cherokee county, the defendant in error, as plaintiff, obtained a decree of divorce against the plaintiff in error as defendant. As a part of said decree it was adjudged by the court that the plaintiff have and possess certain real estate belonging to the defendant. Ser-

vice was had upon the defendant by publication. On the 14th day of December, 1916, the defendant filed his motion to have said judgment and decree vacated and set aside on the ground. that the same was void, for the reason that the affidavit for service by publication was fatally defective, and that the court for that reason was wholly without jurisdiction of the defendant. The affidavit for service by publication is as follows:

"Flora N. Holland, being duly sworn, according to law, says: That she is the plaintiff above, and that on the 21st day of August, 1911, she filed in the district court in and for Cherokee county, Okla., a petition against said defendant, Robert B. Holland, for a divorce, for the care and custody of their minor child, Vina Holland, for alimony, for a temporary restraining order, restraining the defendant from disposing of his land pending this suit, and for costs and attorney's fees.

"Affiant further states that said defendant, Robert B. Holland, is a nonresident of the state of Oklahoma, as she is advised and informed, and that service of the summons cannot be made on the said defendant, Robert B. Holland, with due diligence within the state of Oklahoma, and defendant's last-known place of residence was Claremore, Okla., but that plaintiff is advised that he left there some time in March, 1911, and that the said plaintiff wishes to obtain service on said defendant by publication; and further affiant saith not."

It will be noticed that the affidavit does not make the positive statement that the defendant is a nonresident of the state of Oklahoma, but the affiant "is advised and informed" that such is a fact, and further alleges that the last known place of residence was Claremore. Okla., but that plaintiff is advised that he left there some time in March, 1911. The essential elements of this affidavit are based upon purely hearsay assertions, and show no diligence on the part of the plaintiff to ascertain the whereabouts of the defendant. The fact that the last known place of residence of the defendant. to the plaintiff, was Claremore, Okla., is sufficient to require the plaintiff to make some effort to ascertain whether or not defendant was still in the state of Oklahoma or had left and was a nonresident. In the case of Romig v. Gillett, 10 Okla. 186, 62 Pac. 805, the territorial court had under consideration an affidavit in all essentials practically the same as the one in this case, and the court held that such affidavit was wholly insufficient to be the foundation of service by publication and to give the court jurisdiction of the person of the defendant, and the judgment rendered thereon was held to be void. The doctrine announced in this case has been since reaffirmed in the case of Griffin v. Jones, 45 Okla. 305, 147 Pac. 1024, and Nicoll v. Midland Savings & Loan Co. of Denver, Colo., 21 Okla. 591, 96 Pac. 744. Under these authorities it must be concluded that the affidavit and the service had thereon by publication were fatally defective, and the court had no jurisdiction of the defendant, and therefore should vacate said judgment as void upon the motion of the defendant. Under section 5274, Rev. Laws of 1910, which provides:

"* * * A void judgment may be vacated at any time, on motion of a party, or any person affected thereby"

—the defendant's motion is within time, and should have been sustained by the court.

Therefore, the judgment of the trial court, refusing to vacate such judgment, should be reversed, with directions to render judgment vacating the former judgment in this case.

By the Court: It is so ordered.