### MORGAN v. STEVENS et al.

No. 12085—Opinion Filed Dec. 4, 1923.

Rehearing Denied Feb. 19, 1924.

(Syllabus.)

1. **Process—Service by Publication—Insufficiency of Affidavit.**

Under sections 5612 and 5613, Comp. Laws 1909, an affidavit for service by publication, which alleges that the defendant is a nonresident of the state and service cannot be had upon him within the state, is not void or voidable because facts are not stated therein, showing that plaintiff, by the use of due diligence, was unable to make service of summons upon the defendant; but, where the affidavit alleges that the defendant is a nonresident of the state and service of summons cannot be made on said defendant within the state, with due diligence, the affidavit is fatally defective and judgment rendered thereon is void.

2. **Judgment—Motion to Vacate—Nonjurisdictional Grounds—Appearance—Right to Relief.**

When a motion to vacate a judgment under section 5274, Rev. Laws 1910, on the ground that the defendant had not been served or that the service by publication was fatally defective, and the motion alleges nonjurisdictional as well as jurisdictional grounds, the defendant thereby makes a general appearance and waives jurisdiction over his person; but, in the event it appears that the judgment rendered was not only erroneous but manifestly unjust

and inequitable, the judgment should be vacated under subd. 3, section 810, Comp. Stat. 1921, for irregularity in obtaining the judgment.

3. **Same—Denial of Vacation.**

A motion to vacate a judgment on the ground that it is void because of a defective affidavit for service by publication, which : . . for relief on nonjurisdictional as well as jurisdictional grounds, but which contains no allegations showing that a gross injustice has been done by reason of the defendant not having had his day in court or that the judgment was erroneous in some manner other than by reason of having been entered without proper service, should be overruled. as the motion constituted a general appearance in the case which re... ack to the time of the trial and contained no allegations sufficient to entitle the defendant to relief under subdivision 3, section 810, Comp. Stat. 1921.

4. **Appeal and Error—Change of Theory of Case.**

A party will not be permitted to try his case in the Supreme Court on a different theory from that on which the case was tried in the trial court.

5. **Execution—Validity of Sale—Collateral Attack—Publication of Notice.**

A sale of real estate on execution made on February 23rd upon a notice which was last published in a weekly newspaper on February 12th, rendered the sale voidable, but not void, and such sale is not subject to collateral attack.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Petition by J. H. Morgan against W. H. Stevens and another to vacate judgment. Petition denied, and petitioner brings error. Affirmed.

C. F. Green, and L. H. Green, for plaintiff in error.

J. F. McKeel and Robt. S. Kerr, for defendants in error.

COCHRAN. J. On March 3, 1920. J. H. Morgan filed a petition against W. H. Stevens to vacate a judgment rendered in the district court of Coal county on September 2. 1913, and to set aside an order confirming a sale of real estate made in said cause on February 23 1914. Byrne Statler, the purchaser at the sheriff's sale, was made a party to the proceeding. The trial court refused to vacate the judgment and the order of confirmation. and Morgan has appealed Plaintiff in error contends that the judgment and the sale were void because the affidavit for service by publication was fatally defective. The sufficiency of this affidavit is to be determined according to sections 5612 and 5613, Comp. Laws 1909, as the affidavit was filed prior to the time the Re-

vised Laws 1910 became effective. Section 5612 authorizes service to be made by publication—

"Where any or all of the defendants reside out of the state or where the plaintiff with due diligence is unable to make service of summons upon such defendant or defendants within the state."

And section 5613 provides:

Before service can be made by publication, an affidavit must be filed stating that the plaintiff, with due diligence, is unable to make service of the summons upon the defendant or defendants to be served by publication."

The affidavit in the instant case stated:

"Affiant further states that said defendant, J. H. Morgan, is a nonresident of the state of Oklahoma, and that service of summons cannot be made on said defendant within said state of Oklahoma, with due diligence, as evidenced by the officer's return upon the summons heretofore issued upon the filing of the petition herein; that defendant's last known place of residence was at Tupelo, Okla."

This affidavit was fatally defective under the following decisions of this court: Nicoll v. Midland Savings & Loan Co., 21 Okla. 591, 96 Pac. 744; Cordray v. Cordray, 19 Okla. 36, 91 Pac. 781; Ballew v. Young, 24 Okla. 182, 103 Pac. 623; Fenton v. Burleson 33 Okla. 230, 124 Pac. 1087; Griffin v. Jones, 45 Okla. 305, 147 Pac. 1024. An examination of the above cases discloses that this court has approved affidavits very similar to the affidavit in the instant case, and in Ballew v. Young, supra, in the first paragraph of the syllabus, stated:

"Where it is stated, in an affidavit to obtain service by publication, that a defendant is a nonresident of the state, and service cannot be had upon him within the state, and such affidavit is otherwise sufficient, it is not void or voidable because facts are not stated therein showing that plaintiff, by the use of due diligence, was unable to make service of summons upon the defendant."

If the affidavit in the instant case had alleged that defendant was a nonresident of the state and service could not be had upon him within the state, or had alleged that the defendant was not at the time of the making of the affidavit within the state, it would have been unnecessary to allege other facts showing that service could not be had upon the defendant within the state. As stated in Ballew v. Young, supra:

"But in the case at bar plaintiff states positively that defendant is not a resident of the territory, and that service cannot be had upon him therein. If such statement is true, no amount of diligence would have en-

abled plaintiff to obtain service upon him; and, if service could have been had by due diligence, then affiant could not have stated in his affidavit that it could not be made within the territory."

The affidavit in the instant case might be true and yet the defendant might have been within the state of Oklahoma at the time the affidavit was made and service could have been obtained upon him in the state of Oklahoma, as the statement that the defendant could not be served in the state of Oklahoma was limited by the words "with due diligence." The affidavit did not contain sufficient averments to show that service could not be had in this state by the exercise of due diligence, and was, therefore, fatally defective and the judgment rendered thereon was void.

The defendants in error contend that the plaintiff in error, by asking to have the confirmation of the sale set aside on nonjurisdictional grounds and by asking for affirmative relief, entered a general appearance in the case and that the general appearance related back to the date of the trial and cured all defects of service and validated the judgment rendered in the case. This question has been determined by this court in the case of Griffin v. Jones, supra, in which the court said:

"We are of the opinion from the foregoing authorities that the rule supported by reason is that, when a motion to vacate a judgment under section 5274, Rev. Laws 1910, is filed, and the party's motion alleges jurisdictional as well as nonjurisdictional grounds, he thereby makes a general appearance and waives jurisdiction over his person. Notwithstanding this fact, it is the duty of the court to investigate and ascertain whether or not the proceedings resulting in the judgment and the judgment itself are so irregular that they would be held to be fatal upon appeal direct from the judgment, and that in case injustice has been done, and it is clear the judgment is inequitable, it should be vacated, to the end that the controversy may be heard upon the merits in the interest of justice."

In the same opinion the court said:

"If the judgment had not been void, but only voidable, defendants would have been required, in addition to showing reasonable grounds for vacating the judgment, to allege a meritorious defense. But, since the judgment was void, they were not required to make this showing. By relying upon nonjurisdictional grounds, however, they waived only the jurisdiction over their person. Such rights as they may have had for vacating the judgment, had personal service been secured, they would still retain. This would include the right to have the judgment vacated if the petition failed to state a cause of action, or if plaintiff sought to recover

upon more than one cause of action, and failed to state facts entitling him to recover upon any separate cause of action, and judgment rendered thereon would entitle them to have the judgment vacated upon such cause of action. Or, if it appeared from the pleadings and the face of the judgment roll that the cause of action sounded in tort, and there was no evidence introduced showing the amount of damages, the judgment would be erroneous and subject to be vacated upon proper motion filed therefor. Many other illustrations might be mentioned, in which, if it was clearly shown from the pleadings and judgment roll that the judgment was not only grossly erroneous, but manifestly unjust and inequitable, defendant, having had no citation or notice of the proceeding, preventing him from having his day in court, although making a general appearance after judgment, would be entitled to have such judgment vacated. To hold otherwise would, in effect, be denying a party due process of law. It is the highest aim of all governments to promote happiness, to protect personal and property rights, and to administer exact justice. To this end courts of justice are established. If in instances of the kind now before us, where it appears a gross injustice has been done by reason of defendants having had no day in court, without their fault, and if they are to be denied a hearing solely on the ground that they inadvertently attempted to appeal to the conscience of the court by showing equitable reasons why they should be given relief, then it seems the courts have failed in one of their important missions."

The rule announced in Griffin v. Jones, supra, is not in conflict with Morgan v. Karcher, 81 Okla. 210, 197 Pac. 433, and numerous other cases by this court, which hold that a motion to vacate a judgment upon nonjurisdictional as well as jurisdictional grounds enters a general appearance as though said appearance had been made at the trial. We are of the opinion that this rule in Griffin v. Jones, supra, cannot be invoked successfully herein by the plaintiff in error. In the instant case, the attack is made on the judgment solely on the ground that it is void because of the defective service. The motion contains no allegations showing that gross injustice has been done, by reason of the defendant not having had his day in court, or that the judgment was erroneous in some manner except by reason of having been entered without proper service. Where the motion to vacate contains nonjurisdictional as well as jurisdictional grounds, a general appearance is thereby entered, jurisdiction of the person of the defendant is thereby obtained, and defendant cannot vacate the judgment under section 817, Comp. Stat. 1921, which provides for vacating a void judgment, but can vacate

it under subdivision 3, section 810, Comp. Stat. 1921, for irregularity in obtaining such judgment. In other words, where a judgment was obtained without service on the defendant and without the defendant having had his day in court, and where the judgment rendered was manifestly unjust and inequitable, and a gross injustice has been done by reason thereof, the judgment may be vacated under subdivision 3, of section 810, Comp. Stat. 1921, although the motion contained nonjurisdictional grounds. There is nothing in this case to show that any injustice has been done defendant, or that it would be inequitable to permit the judgment to stand. We are of the opinion that there was no error in overruling the motion to vacate the judgment.

It is contended that the trial court erred in overruling the motion to set aside order confirming the sale of real estate because the property was sold for less than two-thirds of the appraised value. This ground for vacating the order confirming the sale was not alleged in the motion to vacate and was not presented to the trial court and is raised for the first time in this court. Plaintiff in error contends that Hancock v. Youree, 25 Okla. 460, 106 Pac. 841, is authority for the contention that this court will consider this question the first time on appeal. In that case the motion to vacate the sale was sustained by the trial court and this court announced that:

"The ruling of a district court made upon a motion will not be set aside, where sufficient grounds appear in the record to sustain it, although not relied on by the party seeking relief."

In the instant case the trial court refused to vacate the judgment, and the plaintiff in error now asks this court to reverse the judgment of the lower court on a question which was not raised in the pleadings and was not presented to the trial court. This we decline to do in the instant case, as we see no good reason for departing from the general rule that a party will not be permitted to try his case in the Supreme Court on a different theory from that on which the case was tried in the trial court.

It is next contended that the order confirming the sale should have been vacated because the notice of sale of the land under execution was last made on February 12, 1914, and sale was made on February 23, 1914, more than one week intervening between the last publication and the date of sale. In Johnson v. Taylor, 68 Okla. 229, 173 Pac. 1039, this court held that notice of sale required to be published by section 5166, Rev. Laws 1910—

"Must be first published at least 30 days prior to the day of sale and continued in

each successive issue of the paper up to the day of sale"

—and held that, where an objection was made to the confirmation on the ground that the notice had not been given as required by the statute, it was error to confirm the sale. In the instant case, no objection was made to the confirmation of the sale, and it was not error to overrule the motion to vacate the order of confirmation unless the defect in the notice rendered the sale void. In Rounssaville v. Hazen (Kan.) 5 Pac. 422, the court said:

"Does this omission render the notice void? We think it renders the notice voidable, and for that reason the sale might have been vacated or set aside, upon proper motion, before its confirmation (McCurdy v. Baker, 11 Kan. 11; Whitaker v. Beach, 12 Kan. 492), but we do not think that the omission renders the sale void, or that it may be treated as void, in any collateral proceeding, or upon any collateral attack like the present."

We are of the opinion that the defect in the notice in the instant case rendered the sale voidable, but not void, and that the motion to vacate was properly overruled.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON. C. J., and KENNAMER, NICHOLSON, BRANSON, and HARRISON, JJ., concur.