## TEXAS-OMAR GASOLINE & OIL CO. et al. v. NORTH AMERICAN CAR CO.

No. 15373—Opinion Filed Nov. 9, 1926.

Rehearing Denied Jan. 11, 1927.

1. **Process—Sufficiency of Affidavit for Publication.**

An affidavit for publication is sufficient where it states that "the plaintiff with due diligence is unable to make service of summons upon the defendant or defendants within the state," as provided by section 250, C. S. 1921.

2. **Attachment—Discharge by Judgment for Defendant.**

Under section 387, C. S. 1921, where the jury returns a verdict in favor of the defendant and judgment is rendered thereon by the court, an attachment which has been levied against the property of the defendant is discharged and the defendant is entitled to. a return of same.

(Syllabus by Jones, C.)

Commissioners' Opinion. Division No. 3.

Error from District Court, Tillman County; Thomas A. Edwards. Assigned Judge.

Action by the North American Car Company against the Texas-Omar Gasoline & Oil Company et al. Judgment for plaintiff. and defendants bring error. Reversed and remanded.

P. Mounts and J. T. Johnson, for plaintiffs in error.

Louis W. Pratt and James M. Springer, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Tillman county by the defendant in error, as plaintiff,

against plaintiffs in error, as defendants, to recover $10,475.96 rentals due the plaintiff by the defendants, as evidenced by a certain rental or lease contract, whereby the plaintiff. North American Car Company, leased to the defendant Texas-Omar Gasoline & Oil Company a certain number of oil tank cars at a stipulated rental per month for a period of three years, and the amount sued for was the balance due the plaintiff by defendants under the terms of the rental contract. It is disclosed by the record that the defendant Texas-Omar Gasoline & Oil Company was succeeded by the Omar Consolidated Gas Company, and that the Omar Consolidated Gas Company was succeeded by the Omar Gas Company. The first-named defendant was a corporation, and the two other defendants were common-law trusts, and seem to have been organized under the laws of Colorado. The reorganizations appear to have been brought about for the purpose of increasing the stock and assets of the company to meet outstanding indebtedness and obligations then due, and the organizations were effected by an exchange of stock held in the old company for stock issued by the new, and no other or additional consideration passed. and that all of the property owned by the old company was transferred and assigned to the new, and that all debts and liabilities of the old company are alleged to have been assumed by the new; that the persons who were the officers of the corporation were named as trustees of the common-law trust, appellants here.

The Omar Gasoline Company, the last of the three to be created by the reorganization heretofore mentioned, filed an answer by way of general denial, and further answering specifically denied that it assumed, or was in anywise obligated, for the indebtedness sued upon by the plaintiff, North American Car Company. The other defendants named defaulted.

Upon the trial of the case to the court and jury, the jury returned a verdict in favor of the answering defendant, Omar Gasoline Company, and against the plaintiff, finding that there was no liability on the part of the Omar Gasoline Company. Judgment was rendered by the court in accordance with the verdict of the jury, and no appeal was taken by the defendant in error, North American Car Company, from this judgment.

Subsequent to the return of the jury's verdict, the court rendered default judgment against the defendants Texas-Omar Gasoline & Oil Company and the Omar Consolidated

Gas Company, and sustained the attachment which had been duly executed, whereby a certain pipe line was attached, which according to the allegations of the plaintiff's petition had been duly assigned and conveyed to each succeeding organization, and was at the time of the institution of this suit in the possession of, and owned and controlled by, the last-named defendant, Omar Gasoline Company, against whom no judgment was obtained. From the judgment of the court sustaining the attachment and foreclosing same for the purpose of paying, or being applied upon the judgment of the defaulting defendants, the appellants prosecute this appeal and assign numerous specifications of error.

The first proposition urged by appellants is that the judgment sustaining the attachment against the Texas-Omar Gasoline & Oil Company is void, for the reason that the affidavit for publication is wholly insufficient to warrant a judgment against the Texas-Omar Gasoline & Oil Company, and they cite as an authority in support of this contention the case of Morgan v. Stevens, 101 Okla. 116, 223 Pac. 365, wherein this court places a construction on sections 5612 and 5613, C. L. 1909, authorizing service by publication and providing the kind of affidavit necessary to be filed as follows:

"Under sections 5612 and 5613, Comp. Laws 1909, an affidavit for service by publication, which alleges that the defendant is a nonresident of the state and service can not be had upon him within the state, is not void or voidable, because facts are not stated therein showing that plaintiff, by the use of due diligence, was unable to make service of summons upon the defendant; but, where the affidavit alleges that the defendant is a nonresident of the state and service of summons cannot be made on said defendant within the state, with due diligence, the affidavit is fatally defective, and judgment rendered thereon is void."

Wherein the court holds that an affidavit which states, "that the defendant is a nonresident of the state and service cannot be had upon him within the state," is sufficient but. "where the affidavit states that the defendant is a nonresident of the state and service of summons cannot be made on said defendant within the state, with due diligence, the affidavit is fatally defective." The distinction made is rather subtle and difficult of comprehension, but in any event we do not see that the construction given is of any avail to the appellants in this case, because the affidavit filed in this case recites that "the plaintiff, with due diligence, is unable to make service of the summons upon

the defendants to be served by publication or either of them within this state," which is in accord with the law as amended, being section 250, C. S. 1921, which provides:

"Where any or all of the defendants reside out of the state, or where it is stated that in the affidavit for service by publication that the plaintiff with due diligence is unable to make service of summons upon such defendant or defendants within the state."

The affidavit complained of is in the exact language of the late statute, and hence we conclude that it is sufficient, and that there is no merit in appellants' contention in this particular.

Appellants also make the contention. under this first proposition, that there was no competent evidence introduced, justifying the court in the rendition of the judgment here attacked. The sufficiency of the evidence to sustain the judgment is more properly raised under the second proposition urged, and we pass same for the time being.

The second proposition urged is that·

"The trial court erred in not holding that the allegations of the defendant in error's petition were conclusive. and in sustaining the attachment against the property of the plaintiff in error, the Omar Gasoline Company, after a verdict of the jury and a decision of the court in favor of appellants "

And they contend that the verdict of the jury, and the judgment of the court based thereon in favor of the defendant Omar Gasoline Company "ipso facto" releases the attachment, and that the judgment rendered against the other two defaulting defendants would not authorize an attachment against the property which plaintiff in its petition alleged to be the property of the answering defendant, in whose favor judgment was rendered. And cite the case of Lane Implement Co. v. Lowder & Manning, 11 Okla. 61, 65 Pac. 927, and the case of Bank of Buchanan v. Priestly, 87 Okla. 62, 209 Pac, 412, wherein the decision in the Lane Case was approved, and the rule announced that "allegations are conclusive on the party making them." This we think is the general rule, and while there might be some controversy as to whether or not the pleadings conclusively sustain this contention, we think, taken together with the proof made. that there . can be no doubt but that the property involved and which was attached was duly transferred to the Omar Gasoline Company, the last organization created, and that said defendant was in possession of and the owner of the pipe line attached at the time the attachment was levied, and the question of

the ownership of the attached property was clearly raised by the pleadings and submitted to the jury by proper instructions.

The plaintiff alleges that at each time a reorganization was perfected, all the property and assets were conveyed to the new company, and that the new company assumed the liability of the old, and also alleged that the various organizations referred to were fraudulent and of no avail as against the appellee here.

The answering defendant generally denied all of the allegations of plaintiff's petition, and specifically denied in its answer that it was liable to the plaintiff for the sum sued for. denied that it assumed any such liability, and averred that it so notified the plaintiff long prior to the date of the attachment and the institution of this suit, and that it was at no time in possession of the tank cars in question or ever used or received any benefits therefrom. And the trial court duly submitted the question of ownership. the question of liability, and the question of whether or not the Omar Gasoline Company took over the assets and assumed the liabilities of the Texas-Omar Gasoline & Oil Company, as is shown by paragraphs 3 and 4 of the court's instructions.

The jury returned a general verdict, which was a finding in favor of the defendant and against the plaintiff on all the issues submitted, and under the law we are inclined to the opinion that appellant's contention is correct, that the verdict of the jury and the judgment of the court based thereon; from which no appeal was taken, necessarily releases and discharges the attachment. Section 387, C. S. 1921, provides that:

"If judgment be rendered in the action for the defendant, the attachment shall be discharged and the property attached or its proceeds shall be returned to him."

And in 14 Am. & Eng. Enc. Law (2nd Ed.) 382, it is said:

"As a general rule, it is considered to be sufficient that the purchaser take possession of the property before any grantors of the vendor have obtained specific rights to or lien upon, the property sold, as by the levy of attachment or execution or otherwise."

This rule is cited in the case of Western Mining Supply Co. v. Quinn (Mont.) 105. Pac. 732, and is supported by numerous authorities there cited. Under these authorities we are of the opinion that the trial court committed error in sustaining the attachment, having rendered judgment relieving the answering defendant, the Omar Gasoline Company, who claimed to be the owner of the property attached, from liability according to the verdict of the jury, to which these questions had been duly submitted, and we think this precludes the plaintiff from any right to have the attachment sustained against the property of the answering defendant in order to satisfy the default judgment rendered against the defaulting defendants.

We therefore conclude that the judgment of the trial court in sustaining the attachment should be and the same is hereby reversed, and the cause remanded, with directions to the trial court to render judgment discharging the attachment.

By the Court: It is so ordered.

Note.—See under (1) 32 Cyc. p. 479; anno. 25 A. L. R. 1259; 21 R. C. L. p. 1295; 5 R. C. L. Supp. p. 1187. (2) 6 C. J. p. 283, §540.