## MOORE et al. v. HAWKINS et al.

No. 18587. Opinion Filed Oct. 23, 1928.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for plaintiffs in error.

E. C. Hopper, Jr., for defendants in error.

HERR, C. This is a foreclosure suit brought by Lassey Hawkins and others against Lake and Martha Moore and others to foreclose a mortgage on certain real estate located in McIntosh county. It appears that the mortgage was executed by John Grant, T. M. Haynes, and their wives. Defendants Lake and Martha Moore claimed a one-half interest in the mineral rights in and to the premises sought to be foreclosed.

It further appears that on the last day given to plead, defendants Lake and Martha Moore made a special appearance and filed their joint motion to quash service. The service was by publication.. This motion was overruled, and no further appearance was made by said defendants. Judgment was thereafter rendered in favor of plaintiffs against all defendants. The record discloses that a copy of the petition and publication notice was mailed defendants as required by · statute.

Shortly after rendition of the judgment, defendants Lake and Martha Moore, appearing specially. filed their motion to vacate the judgment, claiming that no proper affidavit to obtain service by publication was ever executed and filed, and that the judgment was therefore void on its face. This motion was denied. Defendants appeal.

The affidavit is challenged on the ground that it does not contain a positive allegation that defendants are nonresidents of the state, nor, it is claimed, does it contain an allegation of due diligence. The provision assailed is as follows:

"The affiant further states that the defendants Lake Moore and Martha H. Moore, his wife, are not within the state of Oklahoma, and that service of summons cannot be had on said defendants within this state; that said defendants are now within the state of Colorado, and that their address is No. 1795 Grape street, Denver, Colo."

We are of the opinion that the affidavit is sufficient. While it is true that the affidavit does not positively state the defendants are nonresidents of the state, nor does there appear in the affidavit the exact statutory words "that the plaintiff with due diligence is unable to make service of summons on the defendant within the state," it states positively, however, that defendants are not within the state, and that service cannot be made upon them within the state; that said defendants are now within the state of Colorado, and that their address is 1795 Grape street, Denver. Colo.

It is contended that the affidavit is void for the reason that the statutory· words "due diligence" are omitted therefrom. In our opinion, this contention is without merit. The facts stated in the affidavit show that it would have been utterly impossible for plaintiffs to have obtained service on the defendants within the state, and the use of the words "due diligence" would have added nothing thereto.

This holding is not at all in conflict with the cases of Keisel v. Reynolds, 125 Okla. 295, 244 Pac. 1105, and Texas-Omar Gasoline & Oil Co. v. North American Car Co., 123 Okla. 57, 251 Pac. 1010. These cases simply hold that, since the amendment of the law in 1910, in cases of this kind, it is no longer necessary to set out in the affidavit to obtain service by publication the facts constituting due diligence, but that it is sufficient if the affidavit contains the words of the statute and merely sets out by way of conclusion that the plaintiff with due diligence is unable to obtain service on defendant within the state. These cases are not authority upon the proposition that the affidavit in the instant case is void for the reason that the words "due diligence" are omitted. In other words, these cases simply hold that the

affidavit should allege either nonresidence or that service cannot, with due diligence, be made upon defendant within the state.

Counsel for defendants rely mainly on the case of Morgan v. Stevens, 101 Okla. 116, 223 Pac. 365. The court in that case, however, in the body of the opinion, says:

"If the affidavit in the instant case had alleged that defendant was a nonresident of the state, and service could not be had upon him within the state, or had alleged that the defendant was not at the time of the making of the affidavit within the state, it would have been unnecessary to allege other facts, showing that service could not be had upon the defendant within the state."

It will be observed that the affidavit in the instant case contains the exact language above quoted, which language the court said would have been sufficient had the affidavit so alleged. This authority, therefore, sustains the contention of plaintiffs rather than that of the defendants.

If, as a matter of fact, defendants were residents of the state and within the state at the time of the service upon them by publication, they might have obtained relief under sections 810 and 811, C. O. S. 1921, but counsel for defendants, in their brief, specifically say that they are not relying on said sections; that they are not attempting to proceed thereunder, but are relying solely on section 817, which provides that a void judgment may be vacated at any time on motion. The judgment is not void on its face. The court, therefore, ruled correctly in denying the motion to vacate. Judgment should be affirmed.

BENNETT, LEACH, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.