## LESTER et al. v. FEUQUAY.

No. 23814.    April 16, 1935.

Rehearing Denied May 21, 1935.

Rittenhouse, Webster & Rittenhouse and A. A. Baker, for plaintiffs in error.

Courtland M. Feuquay, pro se.

PER CURIAM. This is an action instituted by the plaintiffs in error in the district court of Lincoln county, Okla., against the defendant in error to set aside a judgment and order foreclosing a real estate mortgage in said county, alleging that said judgment and order and all proceedings thereunder were procured by fraud and that the affidavit to obtain service of summons

was insufficient to confer jurisdiction on the trial court. That the judgment, order of court, sale, confirmation of sale and sheriff's deed are void and of no effect, and constitute a cloud upon the plaintiff's title to said premises and tendering to the defendant in error the sum of $125 paid by him at sheriff's sale and praying for an order quieting the title and for an accounting for the rents from said land and for general relief.

To this petition the defendant in error makes general denial and alleges that the plaintiffs had actual knowledge of the foreclosure action; that for nearly five years they had brought no action to recover the land and were now barred and estopped by laches from bringing an action in equity for the relief prayed for, and that plaintiff had an adequate remedy at law, denied the allegations of fraud, and alleged that he was the owner in fee simple of said premises.

To this answer the plaintiffs in error filed their reply consisting of a general denial.

A trial of issues was had to the court, which resulted in a judgment for the defendant in error, wherein the court found that the affidavit for service of publication in cause No. 8907 in the district court of Lincoln county was sufficient to confer jurisdiction in said cause upon the defendant therein, and that such judgment was valid, and denied the plaintiffs any relief. A motion for new trial was denied by the court, and the cause is now before this court for review.

Plaintiffs in error rely for a reversal on sections 2 and 3 of their assignments of error, namely:

"The trial court erred in its finding and holding as incorporated and set forth in the judgment, 'that the affidavit for service by publication in cause No. 8907, in the district court of Lincoln county, Okla., wherein L. M. Vance, receiver of the Farmers' National Bank of Chandler, Okla., a corporation, is named as plaintiff and these plaintiffs are named as defendants. is a good and sufficient affidavit for service by publication, and that the same is sufficient to confer jurisdiction upon the said district court of Lincoln county, Okla., over the persons of the said defendants, Carrie E. Lester and W. K. Lester, plaintiffs in this action, and that said affidavit is not void because the same is predicated upon information and belief."

"The trial court erred in its finding and holding, as set forth in its judgment, 'that the judgment in cause No. 8907, in the district court of Lincoln county Okla., wherein L. M. Vance, receiver of the Farmers' National Bank of Chandler, Okla., a corporation, is named as plaintiff and Carrie E. Lester and W. K. Lester are named as defendants, is a good and valid judgment."

As we view this case, the only matter necessary to the determination of this action is the sufficiency of the affidavit of publication. If the affidavit is not sufficient to confer jurisdiction upon the trial court, then the entire proceedings based thereon are void and of no effect and subject to a collateral attack.

A judgment is void on its face when its invalidity is shown by an inspection of the judgment roll, but it is not void in the legal sense for the want of jurisdiction unless its invalidity appears on the face of the record.

This brings us to a consideration of the sufficiency of the affidavit for publication, and unless same shows to be insufficient on its face to confer jurisdiction on the trial court, then the judgment could not be attacked in a collateral proceeding.

The affidavit herein involved, filed in cause No. 8907, omitting the caption, is as follows:

"L. M. Vance, receiver of the Farmers' National Bank of Chandler, Okla., being first duly sworn, on oath, states; That he is the plaintiff in the above-entitled action; that this is an action for the foreclosure of a real estate mortgage on the following described real estate, to wit: Lot four (4) and the southwest quarter (S. W. ¼) of the northwest quarter (N. W. ¼) of section two (2), township thirteen (13) north, range three (3) east in Lincoln county, Okla., and is one of those actions wherein service of process by publication is authorized under statutes of Oklahoma; that the plaintiff does not know and has been unable to ascertain the present whereabouts or place of address of the defendants Carrie E. Lester and W. K. Lester, or their residence, and that their last-known place of address was 315 West 2nd St., Coffeyville, Kan.

"That the plaintiff is unable to procure service of summons upon any of the above-named parties within the state of Oklahoma for the reason that he does not know and cannot ascertain their present whereabouts and plaintiff is informed and believes and therefore states the fact to be that each of said defendants are nonresidents of and not now within the state of Oklahoma and

he desires to procure service upon them and each of them by publication.

"L. M. Vance

"Subscribed and sworn to before me this 7th day of July, 1926.

"Reba Myers, Notary Public.

"My commission expires March 8, 1927."

It is contended by the plaintiffs in error that the affidavit is wholly insufficient to sustain a publication notice thereon for the following reasons:

(a) It fails to contain the essential averments of the applicable statute as to due diligence. (b) It fails to state what, if any, diligence or steps were taken by plaintiff to obtain personal service or to ascertain the address or whereabouts of the defendants. (c) It fails to state the facts, circumstances, or information upon which the affiant bases his conclusions as to the nonresidence and absence of the defendants. (d) It is made wholly upon information and belief, and so states.

Now, if, under the former holdings of this court, the affidavit herein should be construed to be based on information and belief, then, in our opinion the judgment and all proceedings had thereunder would be void as shown from an inspection of the judgment roll.

In the case of Title Guaranty & Surety Co. v. Foster, 84 Okla. 291, 203 P. 231, it states:

"* * * There is no doubt about the legal proposition that a judgment of a court in the exercise of a legally acquired jurisdiction over the person and subject-matter is binding on all parties, and whether its decision was right or wrong cannot be inquired into except upon writ of error or appeal. Of course, it may be impeached for fraud. However, a successful collateral attack can be made against the validity of a judgment of a court of general or limited jurisdiction when it affirmatively appears from an inspection of the judgment roll that either of the three following elements are absent, to wit: (1) Jurisdiction of the person; (2) jurisdiction of the subject-matter; and (3) judicial power to render the particular judgment. If either of those three elements is shown by the judgment roll to be missing, the judgment is void on its face —that is to say, it is void on the face of the record, and, being void, it 'will be so held and treated whenever and wherever and for whatever purpose it is sought to be used or relied on as a valid judgment.'"

The affidavit for publication contains all the statutory requirements and the only objection is found in the last paragraph wherein affiant says:

"That the plaintiff is unable to procure service of summons upon any of the above-named parties within the state of Oklahoma for the reason that he does not know and cannot ascertain their present whereabouts, and plaintiff is informed and believes and therefore states the fact to be that each of said defendants are nonresidents of and not now within the state of Oklahoma, and he desires to procure service upon them and each of them by publication."

This brings us to a determination as to whether the affidavit in the instant case is an affidavit on information and belief or whether it is a positive affidavit sufficient to meet the requirements of the statutes. Romig v. Gillette, 10 Okla. 186, 62 P. 805, was a case wherein the attorney for the plaintiff made an affidavit upon information and belief, merely stating that the defendants are nonresidents of the territory and that service of summons cannot be had upon them within said territory, and was held by the court to be void and all subsequent proceedings based upon such service, including the judgment, the order of sale, the confirmation of sale and the sheriff's deed, void for want of jurisdiction.

In Holland v. Holland, 70 Okla. 266, 173 P. 1139, an affidavit for service by publication which states the defendant is a nonresident as affiant is advised and informed was held to be insufficient as a basis for service by publication.

There are other cases which have been decided by the Supreme Court of this state along the same line, but in each case the affidavit on its face shows that they were made purely on information and belief, while in the case affiant says "plaintiff is informed and believes and therefore states the fact to be that each of said defendants are nonresidents of and not now within the state of Oklahoma."

We believe the affidavit sufficient to confer jurisdiction on the trial court.

One of the leading cases on affidavit on information and belief is Leigh v. Green, 64 Neb. 533, 90 N. W. 255, from which we quote as follows:

"The true criterion would seem to lie in the willingness of the witness to make a positive statement. If his information and knowledge are such that he will make a positive statement of the fact in question upon oath, his evidence is to be received, though the weight to be given it might be small by reason of the nature and extent of

the information and knowledge from which he testifies. On the other hand, if he has a belief or opinion, but is not so completely satisfied of the fact that he will testify to it directly, but merely states his belief, then the bare statement of what he believes, but will not state positively upon his oath, is not to be received, unless the case is one where an affidavit as to his belief only is required. In the case at bar there is a direct and positive statement that the owner is unknown. The further statement that affiant believes it to be true does not detract therefrom. He not only believes it, he is willing to testify to it positively. This is much more than a mere statement of his belief."

In the case at bar the affiant swears "plaintiff is informed and believes, and therefore states the fact to be that defendants are nonresidents of and not now within the state." Under the holding in the Leigh Case, it is apparent that this affiant had satisfied himself that the defendants were nonresidents and was willing to swear that they were and so submit himself to perjury if they were not. Vance "not only believed it, he was willing to testify to it positively."

Further in the Leigh opinion the court says:

"Where a showing by affidavit is required as to facts which are necessarily matters of information and belief, an affidavit on information and belief ought to suffice. The statute should receive a construction in accordance with common sense. It was not intended to require perjury, and, as it requires affidavit to matters involving legal opinion and conclusions of law and fact, it must contemplate that such affidavit will be made upon the only basis on which such opinions and conclusions can be reached. As Albert, C., said in the former opinion, with reference to the required showing that service cannot be made in the state: 'In the very nature of things, upon this point, at least, the affiant, whatever the wording of the affidavit, can never have positive knowledge. To expressly state that which, in the absence of such statement, would be necessarily implied, affects only the form, and not the substance, of the affidavit'."

This language applies especially to the facts in this case. Here Vance was shown to be a resident of Kentucky, here only for the purpose of acting as receiver of this failed national bank, and he could have information as to the nonresidence of the defendants only on information and belief. Not living here, how else would or could he get such information but by and through other parties as he did not know these defendants himself. And besides, under our

law as to proof of residence, it resting largely in the intention of the party within his own mind, no one, even if he saw these defendants in Coffeyville, Kan., could know of their residence there without asking information from them—their intent being the prime factor.

In Jotter v. Marvin, 67 Colo. 548, 189 P. 19, the case of Leigh v. Green, supra, is cited with approval and quoted from. In the Jotter Case the language is "that affiant is informed and believes and so alleges that the post-office address of said defendant is Marka, Kan."

"The preceding statement that affiant is 'informed and believes' does not detract therefrom. He not only believes it, he testifies to it positively.

"Where a person is to make affidavit to the conclusion, he must in fact state the belief to which the information in his possession gives rise, whether he expressly says so or not; otherwise, the required affidavit could never be made."

The Colorado court, in this well-considered opinion, clearly sustains the language quoted above and is good authority for the sustaining of the language in the affidavit in the instant case.

Plaintiffs in error contend that the affidavit in the instant case fails to state the facts, circumstances, or information upon which the affiant bases his conclusion as to the nonresidence and absence of the defendants.

In our opinion this contention is without merit. The facts stated in the affidavit show that the last-known place of address was at 315 West 2nd. St. Coffeyville, Kan., and that the defendants were nonresidents of and not now within the state of Oklahoma, and the use of the words "due diligence" would have added nothing thereto.

In the case of Moore et al. v. Hawkins et al., 133 Okla. 227, 271 P. 244, the court in discussing the proposition involved herein, in the body of the opinion, says:

"This holding is not at all in conflict with the cases of Keisel v. Reynolds, 125 Okla. 295, 244 P. 1105, and Texas-Omar Gasoline & Oil Co. v. North American Car Co., 123 Okla. 57, 251 P. 1010. These cases simply hold that, since the amendment of the law in 1910, in cases of this kind, it is no longer necessary to set out in the affidavit to obtain service by publication, the facts constituting due diligence, but that it is sufficient if the affidavit contains the words of the statute and merely sets out by way of

conclusion that the plaintiff with due diligence is unable to obtain service on defendant within the state. These cases are not authority upon the proposition that the affidavit in the instant case is void for the reason that the words 'due diligence' are omitted. In other words, these cases simply hold that the affidavit should allege either nonresidence or that service cannot, with due diligence, be made upon defendant within the state."

Counsel for plaintiffs in error cite the case of Morgan v. Stevens et al., 101 Okla. 116, 223 P. 365. The court, in that case, however, in the body of the opinion says:

"If the affidavit in the instant case had alleged that defendant was a nonresident of the state and service could not be had upon him within the state, or had alleged that the defendant was not at the time of the making of the affidavit within the state, it would have been unnecessary to allege other facts showing that service could not be had upon the defendant within the state."

It will be noted that the affidavit in the instant case states "that each of said defendants are nonresidents of and not now within the state of Oklahoma," which brings said affidavit clearly within the authority of and is sustained by the holding in the case of Morgan v. Stevens et al., herein cited.

The chief test of the sufficiency of an affidavit required by law is whether it is so clear and certain that an indictment for perjury may be sustained on it, if false.

"Affiant's knowledge of matters stated in his affidavit must of necessity frequently rest upon information derived from others, and where this is so, it is generally sufficient to aver upon information and belief that such matters are true. In such cases belief is to be considered an absolute term, and perjury may be sustained upon such affidavit if false." 2 C. J. 255, 356, sec. 87.

Finding no error in the case, the judgment of the court below is affirmed.

The Supreme Court acknowledges the aid of Attorneys Wm. McFadyen, Sam L. Wilhite, and Grover C. Wamsley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McFayden and approved by Mr. Wilhite and Mr. Wamsley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.