**Mitchell HOBBS and Mauresia Hobbs, Appellants,**

v.

**PRUDENTIAL PROPERTY AND CASUALTY COMPANY, a Corporation, Appellee.**

**No. 78931.**

Court of Appeals of Oklahoma, Division No. 1.

April 20, 1993.

---

9.  188 Okl. 305, 108 P.2d 786, 788 (1940).

Patrick H. Lavelle, Oklahoma City, for appellants.

Jerry Fraley, Oklahoma City, for appellee.

## MEMORANDUM OPINION

JONES, Judge:

Appellants seek review of the trial court's order granting summary judgment in favor of Appellee. Appellants contend a substantial controversy of fact exists as to whether or not the insurance carrier (Prudential) should have known of the previous theft claims of Appellants.

On October 11, 1989, Appellants applied for, and were granted, a policy of property insurance covering the contents of their home by Prudential. On or about December 31, 1989, Appellants' home was burglarized. Appellants made a claim for the loss, which was investigated by Prudential and subsequently denied for the reason that Appellants had failed to disclose previous theft losses on the application form of October 11, 1989. Appellants filed suit, and during discovery proceedings it was revealed that Appellants had filed 5 theft claims with 3 different insurance companies for items stolen from various addresses in the Oklahoma City metro area over a four year period, from 1986 to 1989. The trial court granted Prudential's Motion for Summary Judgment and this appeal ensued.

Appellants argue there is a substantial controversy of fact to be decided in this case, asserting: (1) the application form for insurance was filled out by an agent of Prudential, and that agent failed to ask Appellants if they had any previous insurance policies or theft claims; and, (2) for the cost of $25 Prudential could have obtained all information pertaining to Appellants' previous theft claims prior to issuing the policy.

Appellants cite as their sole authority the case of *Coppin v. Shelter Mutual Insurance Company*, 742 P.2d 594 (Okl.App. 1987), in support of their contention that pursuant to 36 O.S.1989 § 3609,[1] Appel-

---

1. The full text of § 3609 at the time of the October 11, 1989 application is:

   **§ 3609. Representations in applications**

All statements and descriptions in any application for an insurance policy or in negotia-

lants were not responsible for any misrepresentation on the application for insurance, and that Prudential could have easily obtained all the information pertaining to Appellants' previous theft claims before the issuance of the policy, regardless of any misinformation on the original application indicating Appellants had not filed any previous claims. A careful reading of *Coppin* does not support this theory.

In *Coppin*, the Appellate Court reversed a jury verdict and remanded for new trial on the basis of erroneous jury instructions, not on mistake in granting summary judgment. The issue on appeal was whether or not the trial court erred in instructing the jury. Nonetheless, Appellants contend the substantive law of *Coppin* (as applicable to this case), is that an insurance carrier can be relieved from honoring a policy for fraudulent or non-fraudulent misrepresentation of material fact unless:

1. Such misrepresentation was encouraged, sought, induced or approved by the insurer or its agents,

2. There was no reliance. The insurer knew or should have known the true facts before it issued the policy;

3. The insurer would have issued the policy had it known the true facts.

■ Applying these precepts to the present case, the application of October 11, 1989, was signed by Appellant, Mauresia Hobbs, and the binder portion was signed by an agent of Prudential. The section describing property losses within the past 3 years is blank, as is the box pertaining to cancellations of previous policies. Reviewing the evidence in the light most favorable to the party opposing summary judgment, Appellants' argument that Prudential failed to inquire about Appellants' previous

theft claims is unsupported by any evidence.

Concealment of previous losses and cancellations by Appellants are material. Prudential's knowledge (or lack thereof) of Appellants' prior theft claims was germane to the issuance of the policy, and to the acceptance of the risk by Prudential. The evidence tendered with the motion for summary judgment supports Prudential's assertion that it would not have issued the policy, or provided the theft coverage, if the true facts of Appellants' previous claims had been known to the insurance carrier as required by the application of October 11, 1989.

Based upon the record which the parties have actually presented, it appears from the pleadings, affidavits, depositions, admissions, answers to interrogatories or other instruments properly before the trial court, there is no genuine issue as to material facts, and all of the uncontroverted facts relied upon by Prudential in its Motion for Summary Judgment were supported by admissible evidence.

Appellants, on the other hand, present nothing more than a bare assertion that they were misled by Prudential's agents, and this unsupported allegation will not block the issuance of summary judgment. *Weeks v. Wedgewood Village, Inc.*, 554 P.2d 780 (Okl.1976).

■ Appellant replied to the motion for summary judgment controverting only the factual issue of whether they disclosed the prior losses and cancellations in two affidavits. These affidavits are identical with the exception that one is from the husband and one is from the wife. The only allegation of fact made therein is that the agent did not inquire about prior losses or cancel-

tions therefor, by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy unless:
1. Fraudulent; or
2. Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

3. The insurer in good faith would either not have issued the policy, or would not have issued a policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or otherwise.

lations. This statement is made in the affidavits: "To the best of my knowledge and belief Ms. Moore [the agent] did not ask [Mr. or Mrs. Hobbs] about previous losses and did not ask either of us to initial the form." These affidavits are insufficient to establish a controverted issue of fact. An affidavit must state facts positively and not merely on information and belief to be used as evidence. *Shanholtzer v. Thompson* 24 Okl. 198, 103 P. 595 (1909) This case makes the following observation relative to affidavits on information and belief: "... such an affidavit proves nothing except affiant's belief.... hence there was no evidence whatever before the court." See also *Lester v. Feuquay* 172 Okl. 288, 44 P.2d 931 (1935).

■ The Appellants have included an assertion that there could be no reliance upon these assertions because the insurance company could have obtained all previous loss information for twenty five dollars from the Property Insurance Loss Register. We find no authority cited to demonstrate that the insurance company was not entitled to rely upon the assertions of the insured on the policy application or that the company was required to verify the information given by the insured. Assignments of error unsupported by convincing argument or authority will not be considered unless it is apparent that they are well taken. *James v. State Farm Mutual Automobile Insurance Co.* 810 P.2d 365 (Okl.1991).

The motion for summary judgment in this case is not shown to be erroneously granted and thus the judgment of the District Court is Affirmed.

AFFIRMED.

ADAMS, P.J., and GARRETT, J., concur.